# CHARLESTON.

## Coal Co. *v.* Richter.

Submitted June 18, 1888.—Decided December 14, 1888.

1. Bailment—Carrier—*EX CONTRACTU*—Common-Law Plead-
ing.

   In an action for goods lost by a bailee it is generally optional
   with the plaintiff to declare against the bailee in form *ex contractu*
   or in tort; but in whatever form he may frame his declaration, the
   action is still one of contract, whenever the liability of the defend-
   ant in fact arises out of a contract.   (p. 860.)

2. Bailment—Carrier—Degree of Care.

   Bailments for the benefit of the bailor *depositum* or *mandatum*
   are founded upon express contract and require the assent of the
   bailee to make him responsible. In such case the bailee is required
   to use only slight care, and he can be made liable only for fraud or
   gross negligence.   (p. 860.)

3. Evidence—Letters—Common-Law Practice.

   The plaintiff against the objection of the defendant was per-
   mitted to read in evidence to the jury a copy of a letter written by
   him (the plaintiff) to the defendant, which purported on its face
   to be in reply to a letter written by the defendant to the plaintiff,
   without offering to read also the letter, to which it was a reply.
   *Held:* Error.   If the plaintiff put this copy in evidence, he should
   also have put in the letter, to which it was an answer, and not
   have left it to the defendant to call for and put in the letter to the
   plaintiff; especially when the said copy was offered in part to es-
   tablish a contract by correspondence.   (p. 862.)

*J. A. Hutchinson* for plaintiffs in error.

*Van Winkle* and *Ambler* for defendants in error.

Snyder, Judge:

Action of *assumpsit* brought by Winfield S. Heatherington
and others, partners doing business under the name of the
Belmont Coal Company, against Maurice Richter and John
Fischer, partners as Richter & Co., in the Circuit Court of
Wood county. The declaration contains four counts. The
first avers, that on November 27, 1883, in consideration of

the fact, that the plaintiffs at the request of the defendants had caused to be delivered to the defendants a certain flatboat named " Wash Gray," of the value of $400.00, one pump of the value of $5.00, and two lines of the value of $4.50 each, the defendants promised to take due care of and safely return said property to the plaintiffs upon request.  It then alleges as a breach, that the said property was lost through the mere carelessness, negligence and improper conduct of the defendants.  The second count avers, that in consideration of the promise that the plaintiffs would from time to time sell and deliver to the defendants coal and send it to them on the boats and barges of the plaintiffs, the defendants would return said boats and barges in a reasonable time or pay the plaintiffs a fair price for the same ; that afterwards, to wit, on November 27, 1883, the plaintiffs did sell and deliver to the defendants at Belmont in the State of Ohio 2,671 bushels of coal, and did then and there send the same to the defendants in a flatboat of the plaintiffs called " Wash Gray," of the value of $400.00.  It then avers that defendants, after the lapse of a reasonable time and after proper demand, had failed to return said boat or pay for the same.  The third count is the same as the second, except that it avers the coal-boat was to be used to transport the coal from Belmont to Williamstown, in the State of West Virginia.  And the fourth count is in substance like the first and in addition avers that 2,671 bushels of coal of the value of $146.20 were also delivered, to be returned by the defendants to the plaintiffs.  The declaration also contains the common counts in *assumpsit*, and is accompanied by an itemized account for said boat, coal, pump, and lines.

The defendants demurred to the declaration and to each count thereof, and the court overruled the said demurrer. Thereupon the defendants pleaded *non assumpsit* and filed a special plea, in which they aver, that the said flatboat Wash Gray was overloaded by the plaintiffs and was insufficient to hold the coal put into it, and by reason thereof said boat was sunk, without any fault or negligence on the part of defendants.

Issue was joined on these pleas, and the case tried by a jury, which found a verdict for the plaintiffs for $382.60, with

interest from January 1, 1884. The defendants moved the court to set aside the verdict, but the court on December 26, 1887, overruled said motion, and entered judgment on the verdict for $382.60 with interest on the same from January 1, 1884, until paid and the costs. During the trial the defendants took two bills of exceptions, which are made parts of the record. The case is brought to this Court by the defendants.

The defendants contend, that the Circuit Court erred in overruling their demurrer to the declaration, because neither of the four special counts are sufficient in an action upon contract. In general it is optional with the plaintiff to declare against a bailee in form *ex contractu* for the breach of the express contract entered into by him or of the promise implied from the act of bailment, or in tort for the breach of the duty, which is by law impliedly cast on the bailee; but it seems, that in whatever form he may frame his declaration, the action is still one of contract, wherever the liability of the defendant in fact arises out of a contract. 2 Chit. Pl. 67; *Maloney* v. *Barr*, 27 W. Va. 381.

It is claimed the first count is bad, because it does not aver, that the defendants actually received the property. The bailment alleged in this count is merely a deposit,— *depositum* or *mandatum;* that is a bailment solely for the benefit of the bailor. Bailments of this class are commonly founded in contract and an express undertaking. A mutual assent is always needful whether evinced by words or acts; and no one can become responsible even as a gratuitous bailee, where goods are surreptitiously put in his carriage or thrust upon his person without his knowledge or consent, though, if upon ascertainment of this fact he went on with the trust, this might bind him. Story Bailm. §§ 59, 60; Schouler Bailm. § 27. The count here in question does not specifically aver, that the boat was received by the defendants, but it does aver, that it was delivered to them, and that they promised to take care of it and return it to the plaintiffs. This, I think, is sufficient to show an express undertaking of the trust by the defendants.

No valid objection is pointed out to the other counts, and I think they are also sufficient; therefore the court did not err in overruling the demurrer.

Before considering the other questions presented by the record it may be well to ascertain exactly the nature of the plaintiffs' claim and the limits of their right to recover in this action. The first and fourth counts are upon merely gratuitous bailments for the sole benefit of the plaintiffs, the bailors. They are according to the terms used in the law either *depositum* or *mandatum*. This is either the gratuitous taking of a thing on deposit or the gratuitous carriage of a thing from place to place for the benefit or the accommodation of the bailor. In this class of bailments slight care only is required of the bailee, and he can not be made liable, unless he is guilty of fraud or gross negligence. Schouler Bailm. §§ 14, 15.

The second and third counts of the declaration are upon an express contract to return the coal-boat Wash Gray or pay the plaintiffs its fair value. In 2 Bl. Comm. 452, the author says: "If a bailee undertakes specially to keep the goods safely and securely, he is bound to take the same care of them as a prudent man would take of his own;" that is he is bound to ordinary diligence. But the contract here alleged is absolute and unconditional, that the defendants will either return the coal-boat or pay for it. The law permits a party to make any contract he pleases, and, when it is not illegal or contrary to public policy, it will be enforced according to its terms. The general rule however in the construction of special contracts of this kind, is not to expound the contract unfavorably to the bailee beyond the obvious scope of its terms. Story Bailm. § 35. The contract declared on being thus absolute and unconditional in effect makes the defendants the insurers of the boat, and, if they fail to return it they are bound to pay to the plaintiffs its value as the only escape from the duty, which they have imposed upon themselves by their contract. Schouler Bailm. § 155.

On the trial the plaintiffs offered evidence tending to prove, that about the 27th of November, 1883, they sent from their coal-works, in Belmont county Ohio to the defendants at Williamstown in this State, the coal-boat Wash Gray, loaded with 2,671 bushels of coal; that the coal-boat was towed by the tow-boat MacConnell, whose captain testified that the

distance was 80 miles, the boat seemed in good condition, and that he had no trouble with it, that he left it at the landing at Williamstown in good order, so far as he could see, and that the defendants paid him for the towing. One of the plaintiffs then testified that they owned the barges, in which they shipped their coal, that they had had disputes with the defendant Richter about their barges, that one barge had been sunk, and another had got stuck and stayed there all summer, that they had had dealings with defendants for three or four years before they sold them this coal, that in the winter of 1883, Richter again ordered coal, and witness told him the plaintiffs would not send coal there to them except on certain stipulations, on account of matters that had occurred, that he wrote a letter to plaintiffs in the latter part of February, 1883, and they replied by letter to him, and that he wrote to plaintiffs the letter of May 9, 1883.

The plaintiffs then offered in evidence the copy of a letter from them to defendants, which had been duly mailed to defendants; notice having been served on defendants to produce the original. The said copy is dated March 2, 1883, and is as follows: "*Mess. Richter & Co.*—GENTLEMEN : In reply to your inquiry of 28th ult., we offer you coal here on flat at $5\frac{1}{2}$ per bushel, or $6\frac{1}{2}$ delivered at Williamstown on flat, provided we can get boats to tow for one cent round trip ; that is, it will be 5 & $\frac{1}{2}$ and towing. However, we have had trouble heretofore with our flats at your place, and we propose to stipulate that you be entirely responsible for them and not let them get aground or sunk, but have them returned in good order, in a reasonable time ; and beyond that we will charge $1.50 per day, and cost of repair, if any. Will be glad to receive your order. Very truly yours, BELMONT COAL CO."

To the reading of this letter to the jury the defendants objected, on the ground that the same is not relevant to the matters in controversy, and because the plaintiffs did not offer to produce the letter, to which it purported to be a reply ; but the court overruled the objection, and the letter was read to the jury, and the defendants excepted.

In *Walson* v. *Moore*, 1 Car. & K. 626, (47 E. C. L. 626,) the syllabus is as follows: "It was proposed on the part of the

plaintiff to give in evidence a letter written by the defendant's attorney, which purported to be an answer to a letter written to him by the plaintiffs' attorney.   *Held*, that if the plaintiff's counsel put in this letter of the defendant's attorney, he should also call for and put in this letter to which it was an answer, and not leave it to the defendant to put in the letter of the plaintiff's attorney as his evidence."   In response to the offer of the plaintiff's counsel to put in this letter, Pollack, C. B., said : " If you do not like to put in the letter of Messrs. Frankmen and Bartlett, to which this is an answer, you should not give this letter in evidence; you should either put in both the letters or neither."   *Roe* v. *Day*, 7 Car. & P. 705, (32 E. C. L. 831); *Myers* v. *Smith*, 48 Barb. 614.

Where there is a contract by correspondence, the plaintiff is bound to prove it, and to do this he must introduce the entire correspondence; or, if any of the letters are lost or beyond his control, he must show this fact and then prove their contents.   *Brisan* v. *Boyd*, 4 Paige 17.

In the case at bar the plaintiffs offered to read a copy of a letter written by themselves in reply to one written to them by the defendants, without attempting to show or intimating, that the defendants' letter, to which it was a reply, had been lost.   The legal presumption is, that it was in the possession of the plaintiffs, and that they refused to produce it, because it prejudiced their case.   Here the plaintiffs were offering their own declarations in regard to an important matter.   There was no direct evidence, that the defendants had ever received this letter.   It seems to me this was a stronger case for refusing to permit this copy to go in evidence without reading to the jury the letter to which it purported to be a reply, than was the case of *Walson* v. *Moore*, *supra*.   I think therefore the court erred in permitting this copy to be read to the jury without requiring the plaintiffs also to read the letter, to which it purported to be a reply.

The plaintiffs afterwards offered to read to the jury the following letter, which it was proved had been written to them by the defendants : " WILLIAMSTOWN, W. VA., March 9, 1883. *Belmont Coal Co.*—GENTLEMEN : Please send us at your earliest convenience one barge ( deck barge) of good coal, (lump,)

and oblige. Truly yours, RICHTER & Co. P. S. Will take good care of your boats, and return hot haste. R. & Co." To the giving of this letter in evidence the defendants objected on the same ground as to the former letter, but the court overruled the objection, and the defendants again excepted. This letter is from the defendants and not from the plaintiffs, as was the former letter, and moreover it does not purport to be an answer to any other letter. It does not therefore disclose on its face, as did the other, that it was only a part of the correspondence. Hence I do not think the court erred in admitting this letter as evidence.

Many other exceptions were taken by the defendants during the trial both to the admission of evidence and instructions to the jury; but as the plaintiffs' evidence showed, and it was so testified to by one of them, that their right to recover in this action for the loss of the flatboat Wash Gray was based entirely on the contract contained in the two letters aforesaid, I do not deem it necessary to consider the questions raised by said exceptions, because it is impossible to anticipate, to what extent the exclusion of said first letter or the introduction of the one, to which it purports to be a reply, will change the nature of the proceedings, both as to the evidence and the instructions which may be offered by the parties. I have in a preceding part of this opinion indicated, what I regard as the general character of this action as well as the rights of the plaintiffs and the liability of the defendants involved therein. This, it seems to me, is all that can be reasonably done to guide the parties in respect to the questions, which may arise upon any new trial, that may be had in the case.

For the error aforesaid the judgment of the Circuit Court is reversed, the verdict of the jury set aside, and the case remanded for a new trial.

REVERSED.   REMANDED.