WALTER M. ELSWICK, Judge.
Notice of this claim was filed with the court of claims on March 27, 1942. The notice states that on and before November 5, 1933, claimant was the superintendent of the colored boys’ industrial school at Lakin, West Virginia, a state institution governed, by statute, by the state board of control. - The notice also states that claimant, as such superintendent, was required to live on the premises of said industrial school in quarters owned and maintained by the state. Because of this situation, he alleges, claimant stored his furniture in a building owned by the state of West Virginia and located on said industrial school premises. Claimant also stored in said building clothing and personal effects belonging to himself and his family.
While said furniture, clothing and personal effects were so stored in said building owned by the state, the notice states that said storage building was destroyed by fire on November 5, 1933, and that all of said furniture, clothing and personal effects were destroyed and lost by claimant. He files an itemized list of the furniture, clothing and personal effects stored in said building which were so destroyed by the fire. The amount of the loss alleged to have been sustained by the claimant was the sum of $1,608.90.
*184 There is not any allegation of negligence on the part of any state agency asserted. Nor is there any allegation of facts such as to show the existence of any relationship between the claimant and the state or any of its agencies such as would create a liability for the loss sustained by claimant. At most, from the facts stated in the notice it might be implied that the board of control was a gratuitous bailee of the property. However, there is not any allegation that any representative of the board of control, except the claimant, had possession, custody or control of the building or the contents therein destroyed. Even in the case of a gratuitous bailment for the sole benefit of the bailor slight care only is required of the bailee, and such bailee is not liable unless guilty of fraud or gross negligence. Heatherington v. Richter, 8 S. E. 609, 31 W. Va. 858.
Under the facts stated, there appears to have been nothing done on the part of the state agency to have prevented the claimant from carrying insurance on the property destroyed by fire, as he would have been required to have done for his own protection if the property had not been moved on to the state’s premises. The state agency would not have been required to carry insurance on the property and was not an insurer. From the facts stated in the notice of the claim filed, it appears that no liability would rest upon the state to pay the claim asserted and that the court of claims would not have ■prima facia jurisdiction. For that reason we refuse to docket the claim for hearing, and an order is entered accordingly.