# Wheeling.

## Angus W. McDonald *vs.* Jacob Peacemaker.

### July Term, 1872.

1. In certain cases of trespass to personal property, the owner may waive the tort, or trespass, and sue in assumpsit for the value of the property.

2. A case in which the evidence discloses that assumpsit was the proper remedy, and not trespass; inasmuch as the defendant, who was a soldier in the Confederate service, offered to pay for the cattle taken, at the time of the taking, in trade; and did in fact leave a certificate in relation to the pay for the plaintiff, who was absent from home.

3. A case in which it was not error to refuse a continuance in the court below.

Action of assumpsit brought to October rules 1865, in the Circuit Court of Hampshire County. The defendant pleaded the general issue and two special pleas; the latter alleged substantially that the plaintiff sold the cattle, the subject of the suit, to the defendant for the use of the Confederate army, then in hostility, &c., and that the plaintiff well knew they were purchased for such use at the time of the purchase; that defendant in fact delivered them to the Confederate army, without any benefit or profit to himself, and that such sale was null and void by reason of its being against public policy, and therefore not binding on the defendant.

Issues were joined on these three pleas, and verdict and judgment for the plaintiff March Term, 1869.

The testimony as disclosed by the record, and contained in the various bills of exception, was that the defendant who was an officer in the Confederate army, went to the farm of the plaintiff, when the latter was absent at church, about one mile distant, with a squad of soldiers and turned out eight

head of cattle, and proposed to the father of the plaintiff, who lived at the plaintiff's house, to pay for the cattle in bunch cotton at seventy-five dollars per bunch, and cotton drilling at one dollar and twenty-five cents per yard. That the father refused to take the goods thus offered, alleging that he had no authority to sell the cattle as they did not belong to him, that defendant might wait until the son, the plaintiff, returned and he would make his own bargains. That defendant prepared and left with the family of the plaintiff a certificate in reference to the pay for the cattle.

The first bill of exceptions was taken by defendant because the court instructed the jury in substance that in order for defendant to sustain his special pleas they must believe that the plaintiff knew the cattle were to be appropriated to the use of the Confederate Government, or was concerned in, or operated to, such appropriation, at the time or before the cattle were taken; it having been proven that the plaintiff subsequently and before the war closed sent the certificate before mentioned, to the defendant to get pay for his cattle.

The second bill of exceptions was as follows:

" Be it remembered, that at the trial of this cause the defendant, by his counsel, moved for a continuance of this cause, and thereupon it was proven that the former judge of this circuit resigned a few days before the beginning of this court; that the present judge was, until a few days before the commencement of this term, a Senator in the West Virginia Legislature, now in session in Wheeling; that till within two days of the beginning of the present term it was uncertain whether a court would be held at this time; that the defendant resides in Clarke county, Virginia, and has been in the habit of attending this court, though now absent; that one of the defendant's witnesses, John Allen, has been duly served with process to this term of the court, but is absent; that said witness was the only one of the defendant's witnesses who was present when the transactions occurred which gave rise to the present suit. But the court refused to grant such continuance, and required the defendant to go to trial. To which action of the court the defendant, by his counsel, excepts, and prays that this his bill of exceptions may be signed, sealed, and enrolled, which is done accordingly."

The third and fourth bills of exceptions were taken because the court, on behalf of the defendant, refused to instruct the jury, that unless they were satisfied from the evidence that defendant took the cattle and converted them to *his own* use, that the action of assumpsit would not lie. And because the court instructed the jury that if the defendant took the cattle without plaintiff's consent and turned them over to the benefit of an unlawful organization with which he was voluntarily associated or to which he belonged, then such act was a conversion to his own use, and the plaintiff might maintain his action of assumpsit.

The defendant brought the case here for review.

*Lucas* for the plaintiff in error.

*Allison* for defendant in error.

BERKSHIRE P. The action in this case was assumpsit for the price or value of sundry cattle alleged to have been sold and delivered by the plaintiff to the defendant.

The defendant pleaded non assumpsit, and also two special pleas; the latter pleas alleging, in substance, that the cattle mentioned in the declaration were sold by the plaintiff to the defendant for the use of the armies of the so called Confederate States of America, then engaged in armed hostility to the armies and Government of the United States; that the plaintiff well knew at the time' of such sale and delivery they were purchased for such use and purpose; and that they were in fact delivered over by the defendant to the Confederate army, without any benefit or profit to the defendant; and then aver that such sale and delivery were against the public policy of the United States, and therefore not binding on the defendant, but were null and void.

Upon these three pleas issue was joined and the trial had. The objections urged here against the judgment complained of were, that if the plaintiff was entitled to recover at all for the taking of the cattle, *trespass* and not assumpsit was the proper remedy; and further, that if the latter action would lie, then the alleged sale and delivery of the cattle sued for, being against the public policy of the Government

56

of the United States, were consequently null and void and the plaintiff could not therefore recover.

It seems to be very well settled that in certain cases of trespass to personal property the owner may waive the tort or trespass and sue in assumpsit for the *value* of such property. 3 Rob. prac (New) 399, 304 and authorities there referred to. 1 Chitty's Pleading 107. 1 A. K. Marshall 83. 3 N. Hamp. 384. 2 Gill & Johnson 326, 342-3.

From the facts disclosed by the record it would seem that the defendant himself regarded the transaction, at the time of the taking of the cattle in question, in the light of a *sale* rather than of a trespass; and accordingly proposed to and promised the family of the plaintiff. to pay for them in certain trade, and at the same time prepared and delivered to them a certificate or paper in reference to the pay for the cattle, to be delivered to plaintiff upon his return home. I think therefore that no substantial errors are disclosed by the appellant's third and fourth bills of exceptions. Nor are there any, of which he can justly complain, prescribed in his first, second and fifth bills of exceptions. I think, therefore, the judgment should be affirmed with costs and damages.

The other judges concurred.

JUDGMENT AFFIRMED.