# CHARLESTON.

## MALONEY *v.* BARR.

Submitted January 14, 1886.—Decided February 6, 1886.

1. In *assumpsit* by a principal against his agent for the value of goods sold on credit by the agent to insolvent persons contrary to the positive instructions of the plaintiff it is not necessary to aver in the declaration, that there was an express contract between the plaintiff and defendant that the latter should not sell on credit, it is sufficient to aver, that the sale was made in violation of the plaintiff's instructions, and that thereby the value of the goods was lost to the plaintiff.   (p. 383.)

2. It is a well established doctrine, that, where there has been a tortious taking of goods, the owner may bring trespass for the taking, or waiving the trespass he may bring trover for the conversion, or, if the goods have been sold and the money received, or the goods otherwise appropriated or consumed, he may waive the tort altogether and bring *assumpsit* for their value.   (p. 384.)

3. *Assumpsit* will lie for goods or money of a principal embezzled by his agent, and a special count setting out such embezzlement may be joined with the common counts.   (p. 384.)

*T. L. Michie* for plaintiff in error.

*J. M. Payne* and *J. F. Brown* for defendant in error.

SNYDER, JUDGE.

Action of *assumpsit* brought May 23, 1884, in the circuit court of Fayette county by T. S. Maloney against M. F. Barr. The defendant demurred to the declaration and each count thereof, which demurrer being overruled by the court, he pleaded *non-assumpsit*, on which issue was joined.   The case was tried by jury and a verdict returned in favor of the plaintiff for $1,200.00, which the defendant moved the court to set aside, but the court overruled the motion, and on September 26, 1884, it entered judgment on the verdict for the plaintiff. During the trial the defendant took three several bills of exceptions, in one of which all the evidence is certified; and to review the rulings complained of in said exceptions he obtained this writ of error.

The declaration in addition to the common counts con-

tains two special counts. The first special count is in substance that the plaintiff, who was a retail merchant, during the period between January 1, 1883, and May 1, 1883, employed the defendant as his clerk and salesman and put him in charge of his store and merchandise to conduct the business with instructions not to sell any goods on credit but to sell only for cash; that the defendant in disregard of said instructions and in violation of a special contract made about the 1st of January, 1883, between him and the plaintiff sold various and sundry portions of the plaintiff's goods to various parties on credit, and, said parties being insolvent, and the defendant having failed to collect the money for the goods so sold to them, the plaintiff lost the value of the goods thus sold on credit, and the defendant became indebted to him for the said value amounting to $1,000.00.

The second special count is in effect, that the defendant in the year 1883 was employed as the clerk in the storehouse and business of the plaintiff having the exclusive custody of the plaintiff's goods and merchandise in said storehouse and the moneys derived from the sale thereof with authority to sell said goods, &c.; that being so employed the defendant undertook to care for and sell said goods and faithfully account for and pay over all moneys, which should come into his hands from the sale of said goods; but the defendant not regarding his duty in the premises did not keep said goods safely and account for the moneys, which came into his hands from sales made thereof, but on the contrary did embezzle and appropriate to his own use the said goods and money of the plaintiff of the value of $4,000.00, to the damage of the plaintiff $4,000.00. The general conclusion to the declaration is, that the defendant afterwards, to-wit, on January 1, 1884, in consideration of the premises, respectively, then and there promised to pay the said several sums of money to the plaintiff on request, but that he has neglected and failed to do so, &c., to the damage of the plaintiff $4,000.00.

The plaintiff filed with his declaration an itemized account, charging that the defendant had received the custody and possession of goods of the plaintiff and money derived from sales of said goods to the amount of $10,319.21, in which is included an item of $918.63, for "profit on sales $4,593.16 from

January 1, 1883, to May 1, 1883, twenty *per cent.*" And the aggregate credits allowed on said account for goods on hand and moneys paid over to the plaintiff is $7,482.28 leaving a balance in favor of the plaintiff of $2,836.93.

Of course the general demurrer was properly overruled as there is no pretence that the common counts were bad. It is claimed that the first special count is insufficient, because it fails to specify the bad debts for goods sold on credit and the names of the persons to whom such sales were made, and also because it does not aver that said debts were not paid, or that the sales were made without the consent of the plaintiff, or that there was any consideration for the contract that the defendant should not sell on credit. None of these objections are tenable. It was unnecessary to aver an express contract that the defendant should sell for cash only. It was sufficient to aver that the plaintiff had instructed the defendant not to sell on credit. The defendant was the agent of the plaintiff, and therefore bound by his instructions. Any act done in disregard of specific instructions was in violation of duty and made the defendant responsible for any loss occasioned thereby. The declaration does in effect aver that the bad debts were not paid; for it avers that the defendant failed to collect them, that the parties were insolvent and the plaintiff lost the value of the goods so sold. These averments could not be true if the said debts or any of them had been paid by the debtors. If the sales were made in disregard of the plaintiff's instructions, they were necessarily made without his consent. If they had been in fact made with the plaintiff's consent, that would have been a matter of defence to be established by the defendant. If there was any defect in failing to aver the names of the insolvent debtors and the amounts due from each, that would not be ground of demurrer but could be relied on, if at all, only to exclude evidence offered to charge the defendant for any specific debt against a particular person for goods sold on credit. Such a defect would not vitiate the declaration but might be insufficient on account of its vagueness and generality to give the defendant such notice of the claim, and thus not entitle the plaintiff to offer evidence in support of it. *Wheeling* v. *Black,* 25 W. Va. 266.

It is insisted that the second special count is *in trespass*

and improperly joined with other counts *in assumpsit.* It is true that this count does show that the defendant's liability arose from a *tort* or trespass, but that does not necessarily establish that the plaintiff is asserting a claim for the *tort* or trespass. According to the well settled doctrine it is perfectly clear that after a tortious taking of goods the owner may bring trespass for the taking, or waiving the trespass he may bring *trover* for the conversion, or if they have been sold and the money received or otherwise appropriated or consumed, he may waive the *tort* altogether and bring an action of *assumpsit* for their value upon an implied promise to pay. *Guthrie* v. *Wickliffe,* 1 A. K. Marsh. 83; *Hill* v. *Davis,* 3 N. H. 384; *McDonald* v. *Peacemaker,* 5 W. Va. 439; 1 Chitty's Pl. 114; 3 Rob. Pr. 399.

In *Hill* v. *Perrott,* 3 Taunt. 274, it was decided that *indebitatus assumpsit* will lie for the value of goods which the defendant by fraud procured the plaintiff to sell to an insolvent person, and which the defendant had gotten into his possession. The court said that the law in such a case would imply a promise to pay for the goods from the circumstance of their having been the plaintiff's property and having come into the defendant's possession.

The count in question is *in assumpsit* and not *in trespass* as claimed. The general conclusion of the declaration, which is a part of this count, avers an express promise to pay. It therefore seems to me, that the declaration and each count thereof is sufficient and the demurrer was rightly overruled.

The first and second bills of exceptions raise the question as to the sufficiency of the evidence to sustain the verdict. There seems to be no doubt upon this point. The court certifies, that "the plaintiff proved, that the account filed with the declaration and each item therein contained were right according to the books of the business kept by the defendant;" and that the defendant was present and aided in taking the invoice and making the statement, on which said account was founded, "and made no objection to any part of same but on the contrary stated, that he had sold the goods at a large profit and was sorry he made so bad a showing," &c. This point is too plain for controversy. But the plaintiff in error contends, that the plaintiff was not entitled to

recover the item of $918.63 for profit on the goods sold charged in his account. It is enough to state in reply to this contention, that it does not affirmatively appear, that this item was embraced in the verdict. The plaintiff's account, which the court certifies was proved, showed a balance in favor of the plaintiff of $2,836.93, while the verdict was for only $1,200.00. If the item here complained of is excluded from the plaintiff's claim there would still be a sum in excess of the verdict remaining. A party is not entitled to a reversal of a judgment, until he shows affirmatively by the record, that he has been prejudiced by the judgment pronounced against him. *Miller* v. *Rose*, 21 W. Va. 291.

Upon the whole case I find no error in the record to the prejudice of the plaintiff in error, and therefore the judgment of the circuit court must be affirmed.

AFFIRMED.