**Richmond.**

## NELSON COUNTY V. COLEMAN.

### November 20, 1919.

1.  COUNTIES—*State—Action of Tort Against—Waiver of Tort and Suit on Implied Contract.*—While neither counties, which are political subdivisions of the State, nor the State or its governmental agencies, can be sued in tort, it is generally true that, where a tort is committed which involves an injury to personal property, the plaintiff may waive the tort and sue upon an implied contract to pay for the property which has been wrongfully taken, damaged or converted to the defendant's use, and this rule has been applied to State agencies.

2.  EMINENT DOMAIN—*Action Against County Upon Implied Contract for Property Wrongfully Taken—Case at Bar.*—In the instant case, the board of supervisors were authorized to condemn the land in controversy for a public road upon paying the owner its value and the consequential damages caused by the construction of the road. The county, however, having taken the property without authority and converted it to the public use, there is no reason for denying to the plaintiff the right to waive all of her other remedies for the protection of her private property, and to sue as upon an implied contract to pay therefor such amount as would have been awarded therefor if the property had been condemned under the eminent domain statutes.

3.  EMINENT DOMAIN—*Constitutional Law—Taking Property Without Compensation.*—The constitutional provisions which prohibit the taking or damaging of private property for public uses without compensation are self-executing.

4.  COUNTIES—*Recovery of Claims Against—Code of 1904, Sections 825, 836, 838.*—The method for the recovery of amounts due by counties for legitimate claims arising out of contract and the procedure therefor have been provided for by Code of 1904, sections 825, 836, and 838, and the language of the statute "any claim or demand" is sufficiently broad to embrace every character of claim, whether legal or equitable.

5.  APPEAL AND ERROR—*Instructions—Harmless Error.*—It is not error to refuse an instruction where the point was sufficiently covered by another instruction given in the case which was possibly more favorable to the party complaining of the refusal than she was entitled to.

6. INSTRUCTIONS—*Refusal of Instruction Covered by Other Instruc-tions.*—In an action against a county for wrongful taking of land, an instruction requested by the county to the effect that the jury could not take into consideration the fact that plaintiff did not receive as much for her crops after the taking as she had received for similar crops in previous years, was refused. There was nothing in the evidence to indicate that plaintiff was claiming such damages specifically. The court had, at the in-stance of the plaintiff, instructed the jury that they should as-sess the damages at the market value of the land or crops taken and damaged, provided they believed that the damages sus-tained were in excess of what had been already paid to the plaintiff under the first condemnation.

   *Held:* That this instruction fully protected the defendant, and there was no error in the court's action in refusing the re-quested instruction.

7. COUNTIES—*Wrongful Taking of Land—Instructions.*—In a suit against a county for the wrongful taking of land, the county requested an instruction that the jury should not take into con-sideration any elements of damage arising from the washing of land that had occurred subsequent to the condemnation of the road in controversy. Inasmuch as the road had been con-structed on a location which had not been condemned, this in-struction was clearly erroneous and misleading; for the plain-tiff was entitled to recover for any washing of the land that had occurred subsequent to and solely as a consequence of such wrongful taking of her land which had never been condemned.

8. EMINENT DOMAIN—*Wrongful Taking of Land—Damages.*—Where land of plaintiff was condemned for the location of a public road, but the road was by mistake constructed on a location which had not been condemned, plaintiff was clearly entitled to recover such amount in excess of the sum already received by her for the value of the land wrongfully taken, and for any damages, either to crops or to the residue of the land, which were directly consequental upon such wrongful tak-ing, and in the instant case the evidence was sufficient to support the amount of the judgment.

Error to a judgment of the Circuit Court of Nelson county, in proceedings on a claim against Nelson county for damages for wrongful taking of claimant's land for a public road. Judgment for claimant. The county assigns error.

*Affirmed.*

The opinion states the case.

*S. B. Whitehead,* for the plaintiff in error.

*L. Grafton Tucker,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

During the year 1915 the county of Nelson condemned certain land of Mrs. L. M. Coleman for a county road. The viewers allowed her $500 for land and fences damaged, and not being satisfied she moved for commissioners, who allowed her $435. She appealed from the board of supervisors to the circuit court of Nelson county, which affirmed the action of the board and a warrant was issued and accepted by her for $435. No construction work was done on the road at that point until the year 1916, when the road contractor, under the direction of the member of the board of supervisors for the district in which the road was located, proceeded to construct the road. By mistake the contractor failed to construct it upon the land which had been condemned and did not follow the row of stakes which had been placed to indicate the true location of the road. This mistake came to the attention of the supervisor having charge of the matter after the land had been plowed and some apple trees had been destroyed, but he being of opinion that Mrs. Coleman had not been injured, instructed the contractor to proceed with the construction on the wrong location. The board of supervisors has not repudiated this action, and the road has been constructed on this wrong location.

On July 10, 1918, Mrs. Coleman filed her claim before the board of supervisors of Nelson county for $600 damages for the land taken and the construction of the road on the wrong location, and the damages to the residue of her

land otherwise sustained because of such appropriation of her land for the road without authority. , The claim was disallowed by the board of supervisors, and an appeal was taken to the circuit court. The county filed a demurrer to the claim, which was overruled. The case was afterwards tried before a jury and there was a verdict and judgment against the county for $300, of which it is here complaining.

These errors are assigned:

1. That the trial court erred in overruling the defendant's demurrer to the claim of the plaintiff.

[1]    In support of this assignment, it is contended that the action is necessarily an action in tort, and that, therefore, the county cannot be sued upon such a claim. The case of *Fry* v. *County of Albemarle*, 86 Va. 195, 9 S. E. 1004, 19 Am. St. Rep. 879, is relied upon. While there can be no doubt whatever about the fact that neither counties, which are political subdivisions of the State, nor the State or its governmental agencies, can be sued in tort (*Stuart* v. *Smith Courtney Co.*, 123 Va. 231, 96 S. E. 241), it is also generally true that where a tort is committed which involves an injury to personal property, the plaintiff may waive the tort and sue upon an implied contract to pay for the property which has been wrongfully taken, damaged or converted to the defendant's use. Of this as a general doctrine there can be no doubt whatever. *Tidewater Quarry Co.* v. *Scott*, 105 Va. 160, 52 S. E. 835, 115 Am. St. Rep. 864, 8 Ann. Cas. 736; *Maloney* v. *Barr*, 27 W. Va. 381; *Walker* v. *N. & W. R. Co.*, 67 W. Va. 273, 67 S. E. 722; *McDonald* v. *Peacemaker*, 5 W. Va. 439; *Brown's Estate* v. *Stair*, 25 Colo. App. 141, 136 Pac. 1003; *Louisiana* v. *Wood*, 102 U. S. 299, 26 L. Ed. 153; Burks' Pl. & Pr. 123.

This rule has been applied in Virginia to a State agency in the case of *Eastern Lunatic Asylum* v. *Garrett,* 27 Gratt. (68 Va.) 163. There the plaintiff was allowed to recover the value of corn and bacon which had been seized by the military forces of the United States during the war between the States, it appearing that the seized property had been sent to the Eastern Lunatic Asylum, and used for the maintenance of the inmates therein, the plaintiff's property there having been converted to the use of the corporation for the same purpose for which the asylum authorities had authority to purchase it, the court held that it should be paid for and that an action would lie to compel such payment. *Maia's Adm'r* v. *Eastern State Hospital,* 97 Va. 507, 34 S. E. 617, 47 L. R. A. 577, holds that a State agency is not liable in damages for a personal injury inflicted on an inmate of the asylum in consequence of the negligence or misconduct of the officers, agents or employees of the corporation, and this because the State has not authorized it to be sued in tort.

[2, 3] In the case in judgment, the board of supervisors were authorized to condemn the land for a public road upon paying the owner its value and the consequential damages caused by the construction of the road. Having taken the property without authority and converted it to the public use, no reason is perceived in this case for denying to the plaintiff the right to waive all of her other remedies for the protection of her private property, and to sue as upon an implied contract to pay therefor such amount as would have been awarded therefor, if the property had been condemned under the eminent domain statutes. The constitutional provisions which prohibit the taking or damaging of private property for public uses without compensation are self-executing. *Swift* v. *Newport News,* 105 Va. 108, 52 S. E. 821, 3 L. R. A. (N. S.)

404; *Johnson* v. *City of Parkersburg,* 16 W. Va. 402, 37 Am. Rep. 779.

[4]    The method for the recovery of amounts due by counties for legitimate claims arising out of contract and the procedure therefor have been provided for by Code, secs. 825, 836 and 838, and it has been said in the case of *Fidelity & Deposit Co.* v. *Gill,* 116 Va. 87, 81 S. E. 39, that the language of the statute, "any claim or de-. mand" is sufficiently broad to embrace every character of claim, whether legal or equitable. These statutes were strictly followed by the landowner in this case. That she had the right to waive the tort and sue for the value of the land taken and the damage to the residue, and to recover in this proceeding such amount as she would have been entitled to had the county followed the statute regulating the condemnation of private property for public roads, we have no doubt whatever. Hence, the trial court rightly overruled the demurrer which the county interposed. *Nelson County* v. *Lea* and *Nelson County* v. *Loving, post,* 283, 101 S. E. 406, this day decided.

[5]    Another error assigned is that the court refused to give instructions Nos. 2, 3 and 4, which were tendered by the defendant. We think that little need be said on this subject, because if there be error, it appears from a consideration of the whole record that it was harmless. No. 4 is sufficiently covered by the instruction which the court did give at the instance of the defendant, to the effect that if as a consequence of the construction of the road upon the wrong location, Mrs. L. M. Coleman has suffered no greater damage than she would have suffered had the road been constructed upon the proper location, they should find for the defendant. Indeed, it would seem that this instruction may be less favorable to the plaintiff than she was entitled to, because while it may be true that under the regular condemnation she had already been paid all

the consequential damages justly due, still it may well be that in any event she is entitled to this proceeding to recover the actual value of the land illegally taken.

[6] Instruction No. 2, which was refused, was to the effect that the jury could not take into consideration the fact that she did not receive as much from a crop of tobacco made in 1917 and a crop of wheat made in 1918 as she received for similar crops made in previous years. There is nothing in the evidence to indicate that she was claiming such damages specifically. The evidence relating thereto, as shown by the context, was to the effect that the land had been damaged by washing, caused by the improper construction of the road, so that the land did not produce as well thereafter, and that specific crops had been destroyed by such washing. The court had, at the instance of the plaintiff, instructed the jury that they should assess the damages at the market value of the land or crops taken and damaged, provided they believed that the damages sustained were in excess of what had been already paid to the plaintiff under the first condemnation. This instruction fully protected the defendant.

[7] By instruction No. 3, which was also refused, the defendant desired the jury to be told that they could not take into consideration any elements of damage arising from washing the land, that have occurred subsequent to the condemnation of the road in controversy. Inasmuch as the road had been constructed on a location which had not been condemned, this instruction was clearly erroneous and misleading, for the plaintiff was entitled to recover for any washing of the land that had occurred subsequent to and solely as a consequence of such wrongful taking of her land which had never been condemned. This instruction was properly refused.

[8] 3. The other error alleged is that the court should have set aside the verdict as contrary to the law and the

36

evidence. It sufficiently appears from what we have said that the plaintiff was clearly entited to recover such amount in excess of the sum already received by her for the value of the land wrongfully taken, and for any damages, either to crops or to the residue of the land, which were directly consequential upon such wrongful taking, and the evidence is sufficient to support the amount of the judgment.

We find no reversible error.

*Affirmed.*