# Richmond.

## J. A. HANNAH v. BOARD OF SUPERVISORS OF APPOMATTOX COUNTY.

### March 17, 1927.

1. EMINENT DOMAIN—*Order by Board of Supervisors of County Fixing Compensation for Land Taken for Bridge—Appeal by Commonwealth's Attorney—Case at Bar.*—In the instant case the Commonwealth's attorney of a county excepted to an order of the board of supervisors fixing the compensation for the value of land taken for the abutments and roadway of a bridge on the ground that the damages allowed were excessive and unreasonable, and appealed to the circuit court. It was objected that the Commonwealth's attorney had no right to take an appeal upon the ground that the matter was controlled by the third paragraph of section 1980 of the Code of 1919, which only allows an appeal by an applicant for the road or the owner of the land. Section 2759 of the Code of 1919, however, provides that the Commonwealth's attorney may appeal from decisions of the board of supervisors when any claim has been allowed by the board against the county which, in his opinion, is improper or unjust.

   *Held:* That the language of section 2759 of the Code of 1919 governed the instant case and the Commonwealth's attorney had the right to appeal from the order of the board fixing the compensation.

2. EMINENT DOMAIN—*Order by Board of Supervisors of County Fixing Compensation for Land Taken for Bridge—Appeal by Commonwealth's Attorney—Counties—Appeal by Commonwealth's Attorney from Allowance of Claim against County—Sections 1980, 2759 of the Code of 1919.*—Section 1980 of the Code of 1919, according a landowner an appeal to the circuit court when dissatisfied with the decision of the board of supervisors as to the amount of compensation for land taken, and section 2759 of the Code of 1919, authorizing the attorney for the Commonwealth to appeal from the allowance for a claim against the county by the board of supervisors when he deems it improper or unjust, must be read together. There is no conflict between the two statutes. They supplement each other.

3. EMINENT DOMAIN—*Parties—Bridge Between Two Counties—Second County Interested in Result—Case at Bar.*—In the instant case, a condemnation proceeding, Buckingham county was vitally interested in the recovery by the landowner against Appomattox county, be-

cause Buckingham county was under contract with Appomattox county to pay all damages in excess of $500, but as there could be no judgment against Buckingham county in the proceeding unless it voluntarily subjected itself to the judgment of the court, in the absence of such submission, it could not be admitted as a party to the proceeding. The representatives of the county of Appomattox should protect its legal rights, as well as the ultimate rights of Buckingham county, by making proper defense.

Error to a judgment of the Circuit Court of Appomattox county, in eminent domain proceedings. There was an appeal by the Commonwealth's attorney from the order of the board of supervisors fixing the compensation. The appeal and the entire proceedings were dismissed and the landowner assigns error.

*Reversed and remanded.*

The opinion states the case.

*John D. Easley* and *A. H. Clement*, for the plaintiff in error.

*J. W. Flood* and *Hubard & Boatwright*, for the defendant in error.

Prentis, J., delivered the opinion of the court.

In the case of *Hannah* v. *Board of Supervisors of Buckingham County*, 140 Va. 698, 125 S. E. 679, it was held that Hannah, the plaintiff in error, had not waived his legal right to demand compensation for his land taken for the abutments and roadway of the joint bridge over the Appomattox river, erected by the counties of Appomattox and Buckingham, Hannah's land being in Appomattox county. In that case the counties were directed to proceed at once to acquire title to Hannah's

property, which had already been taken and was then being used by the public. There was a petition for rehearing which was not disposed of until February 26, 1925.

On March 11, 1925, the board of supervisors of Appomattox county, apparently without notice to the board of supervisors of Buckingham county, appointed viewers to go upon Hannah's land and report to the board at its next meeting. By authority of that order, the viewers examined the land and reported on the 3rd day of April, 1925, to the board, that the establishment of the landing, bridge and approach would be a great convenience to the general public, as it is the only reasonably accessible crossing of the river in that vicinity, and that $200 for the value of the land taken, and $1,375 as damages to the residue, would be just compensation to Hannah.

The board, on April 8, 1925, took the report under consideration, and confirmed the report of the viewers. Thereupon Joel W. Flood, attorney for the Commonwealth of Appomattox county, excepted to the order of the board fixing the total compensation to Hannah at $1,575, and gave notice of an appeal to the Circuit Court of Appomattox county.

He excepted to the amount of damages allowed as being excessive and unreasonable, and also because he alleged that the board of supervisors arbitrarily and unreasonably refused to allow the introduction of testimony of competent and reliable witnesses who would have testified that the damages allowed by the viewers were exorbitant and unreasonable.

(a) The first assignment of error is that Flood, as Commonwealth's attorney, had no right to take an appeal upon the ground that the matter is controlled by the third paragraph of Code, section 1980, which so far as is pertinent reads:

"If such applicant, proprietor or tenant is dissatisfied with the decision of the board of supervisors in respect to the opening or location of the proposed road, or the amount of compensation allowed, he may of right appeal to the circuit court of said county, and the said court shall hear the matter *de novo*, with the further right of appeal as provided by general law."

The contention is that the order of the board of supervisors is final, unless appealed from by the applicant for the road or the owner of the land.

On the other hand, the right of appeal by the Commonwealth's attorney is claimed under Code, section 2759, which required the attorney for the Commonwealth to attend the meetings of the board, to give his legal opinion when required by the board, and to resist the allowance of any claim which is unjust, or before the board in improper form, or without proper proof, or which for any other reason ought not to be allowed; and further provided for an appeal, if in his opinion the claim is improper or unjust. The pertinent part of the section reads thus:

"The attorney for the Commonwealth shall represent the county before said board, and it shall be his duty to resist the allowance of any claim which is unjust or not before the board in proper form and upon proper proof, or which for any other reason ought not to be allowed, and when any claim has been allowed by said board against the county, which, in the opinion of said attorney, is improper or unjust, or from which he shall be required to appeal by any six freeholders of the county, the said attorney shall appeal from the decision of such board to the circuit court of said county, causing a written notice of such appeal to be served on the clerk of such board and the party in whose favor the said claim is allowed within thirty days after making of such decision."

So that these contentions present the first issue to be determined.

It is urged by the plaintiff in error that in road cases, where the board of supervisors and the landowner agree, there can be no appeal, and that Code, section 2759, does not apply. It seems to us that this construction is too narrow.

In *Nelson County* v. *Coleman*, 126 Va. 275, 101 S. E. 413, which was a claim for damages accruing because of a change of the grade of a road which had already been established, this court said: "The method for the recovery of amounts due by counties for legitimate claims arising out of contract and the procedure therefor have been provided for by Code of 1904, sections 825, 836 and 838" (the section numbers have since been changed), "and as has been said in the case of *Fidelity & Deposit Co.* v. *Gill*, 116 Va. 87, 81 S. E. 39, that the language of the statute, 'any claim or demand,' is sufficiently broad to embrace every character of claim, whether legal or equitable."

[1] It seems to us that the language of Code, section 2759, authorizing the attorney for the Commonwealth to appeal, is quite comprehensive and cannot be so limited by construction as to deny him the right of appeal here asserted. It is that "when any claim has been allowed by said board against the county, which, in the opinion of said attorney, is improper or unjust, * *" the appeal may be taken. The obvious purpose of the section was to prevent the allowance of unjust claims by the board of supervisors, the legal guardians of county funds. It clearly authorizes the attorney for the Commonwealth to invoke the judgment of the circuit court for the protection of the county funds, if in his judgment the board of supervisors have erred in allowing a claim. To deny such an appeal would also

prevent the attorney for the Commonwealth from heeding the request of six freeholders who believed that the public interest was not being protected.

[2] Our conclusion is that the two sections must be read together and that while section 1980 accords the landowner an appeal, section 2759 authorizes the attorney for the Commonwealth, either upon his own initiative or at the request of six freeholders, to take an appeal. There is no conflict between the two statutes. They supplement each other. There seems to be no sufficient reason for any other construction of the unambiguous language of the statutes, and the better reason supports it.

Our conclusion on this point, then, is that the circuit court misconstrued the statute when it dismissed the appeal. The appeal was properly upon the docket of the circuit court, and under the general statutes covering controversies with reference to roads, the case should have been heard there *de novo*. The issue raised was simple. Each of the parties interested should have been permitted to introduce evidence, and the court should have determined, in the language of the statute, "the amount of compensation to which such proprietor is entitled."

(b) The other assignment is that the court permitted the board of supervisors of Buckingham county to appear specially to docket the appeal and then to dismiss it.

[3] That the board of supervisors of Buckingham county is vitally interested in the recovery against Appomattox county is shown because Buckingham county is under contract with Appomattox county to pay all such damages in excess of $500. In this aspect of the case, the substantial interest of Buckingham county in the result is quite apparent. The mere exercise of good

faith required that it should have had notice of the original proceeding by Appomattox county, and upon the appeal the court should take cognizance of this substantial interest.  It is, however, also true that there can be no judgment against the county of Buckingham in this proceeding, unless it voluntarily subjects itself to the judgment of the court.  In the absence of such submission, it cannot be admitted as a party to this proceeding.  The representatives of the county of Appomattox should protect its legal rights as well as the ultimate rights of Buckingham county, by making proper defense.

This leads necessarily to the conclusion that the order dismissing the appeal was erroneous.  It will, therefore, be reversed and the case remanded to the Circuit Court of Appomattox county, with directions to hear the case *de novo*, and to ascertain the damages due to Hannah.

*Reversed and remanded.*