# Richmond

DOMINION CHEVROLET COMPANY v. COUNTY OF HENRICO, VIRGINIA.

September 2, 1976.

Record No. 75-1010.

Present, All the Justices.

*Howard W. Dobbins; Randolph E. Trow, Jr. (Wallerstein, Goode & Dobbins, on brief), for plaintiff in error.*

*John L. Knight, Assistant County Attorney (William G. Broaddus, County Attorney, on brief), for defendant in error.*

HARRISON, J., delivered the opinion of the court.

The sole issue here is whether a failure by a taxpayer to comply with the provisions of Code § 15.1-554 bars the maintenance against a county of an application under the provisions of Code § 58-1145, *et seq.* for the correction of an erroneous assessment and for a refund of taxes.

Dominion Chevrolet Company operates in Henrico County and is engaged in selling new and used cars and trucks on both a retail and a wholesale basis. In filing its license tax questionnaire with the county, Dominion failed to distinguish between its retail and wholesale sales. For the tax years 1972 and 1973 it was assessed license taxes on its total sales at the higher retail license tax rate. Following an audit Dominion discovered an alleged overpayment to Henrico County of

$4,541.71. Dominion then applied to the county's Director of Finance and to the County Manager for a correction of this alleged erroneous assessment and for a refund. Its application was denied. Appellant then filed in the court below its application for relief under Code § 58-1145. Henrico filed a plea in abatement alleging that the court lacked jurisdiction because Dominion had not first presented its claim for refund to the Board of Supervisors of the county. The court sustained the plea, and Dominion has appealed.

Henrico Code § 8-33 provides as follows:

"Except as otherwise provided in this chapter, the director of finance shall assess all license taxes prescribed in this chapter. Any person aggrieved by the action of the director of finance may apply to the administrative officer of the county or to a court of record for relief from the alleged erroneous assessment within the time and in the manner provided by general law."

Virginia Code § 58-1145 provides as follows:

"**Application to court to correct erroneous assessments of local levies generally.**—Any person assessed with county or city levies or other local taxes, aggrieved by any such assessment, may, unless otherwise specially provided by law, within two years from the thirty-first day of December of the year in which any such assessment is made, apply for relief to the circuit court of the county or any city court of record of the city wherein such assessment was made. In such proceeding the burden of proof shall be upon the taxpayer to show that the property in question is assessed at more than its fair market value or that the assessment is not uniform in its application, or that the assessment is otherwise invalid or illegal, but it shall not be necessary for the taxpayer to show that intentional, systematic and wilful discrimination has been made.

"In the event it comes or is brought to the attention of the commissioner of revenue of the locality that the assessment of any tax is improper or is based on obvious error and should be corrected in order that the ends of justice may be served, the commissioner shall apply to the appropriate court, in the manner herein provided for relief of the taxpayer. Such application may include a petition for relief for any of several taxpayers. . . ."

Code § 58-1148 grants to circuit courts the power to order an assessment corrected and to order a refund of any excess taxes paid based upon an erroneous assessment.

Henrico's plea in abatement and the lower court's basis for dismissing Dominion's application were predicated upon the provisions of Code § 15.1-554, which read:

"No action shall be maintained by any person against a county upon any claim or demand until such person shall have first presented his claim to the board of supervisors of such county for allowance."

Henrico's position is that compliance with Code § 15.1-554 is mandatory by one who seeks to maintain against a county an action upon any claim or demand, and it construes "claim or demand" to include disputes involving local tax assessments. It says the language in Henrico Code § 8-33 permitting any person aggrieved to apply for relief from an alleged erroneous assessment "in the manner provided by general law" requires a compliance with Code § 15.1-554.

In support of its argument, Henrico relies upon language found in *Fidelity & D. Co. v. Gill*, 116 Va. 86, 81 S.E. 39 (1914), which involved a suit by a surety for funds collected and not accounted for by a deputy sheriff and a county treasurer. The surety claimed that § 844, Code of 1904 (presently Code § 15.1-554), applied only to legal and not equitable claims. The court disagreed, saying that "The language 'any claim or demand' is broad enough to embrace every character of claim, whether legal or equitable." 116 Va. at 92-93, 81 S.E. at 42.

Other cases cited by Henrico involving Code § 15.1-554, *Chesterfield v. Town & Country Apts.*, 214 Va. 587, 203 S.E.2d 117 (1974), *Parker v. Prince William County*, 198 Va. 231, 93 S.E.2d 136 (1956), *Nelson County v. Coleman*, 126 Va. 275, 101 S.E. 413 (1919); and *Botetourt County v. Burger*, 86 Va. 530, 10 S.E. 264 (1889), do not concern applications for the correction of erroneous tax assessments and for tax refunds. *Chesterfield* concerned a contractual dispute between the county and a taxpayer and a resulting monetary claim against the county. In *Parker* damages were sought for a nuisance created by the county. *Nelson County* involved wrongful taking of land by the county. The action in *Botetourt County* was for the benefit of the county on a bond of a former treasurer.

Dominion contends that the sole effect of the sweeping language found in *Fidelity & D. Co. v. Gill, supra*, and other cases cited by Henrico, is to include claims in equity as well as at law within the scope of the predecessor section of Virginia Code § 15.1-554, not "to

create a strict and rigid rule of procedure from which there can be no exception".

Dominion cites *Barrow & Others* v. *Prince Edward Co.*, 121 Va. 1, 92 S.E. 910 (1917), where citizens of Prince Edward County sought, in equity, to recover taxes paid as a result of an assessment held to have been illegal. We held that since the taxes had been voluntarily paid, no recovery could be had, and that this equitable action had been properly dismissed since plaintiffs had an adequate remedy at law under §571 of the Code of 1904 (now § 58-1145). And in *County of Sussex* v. *Jarratt*, 129 Va. 672, 106 S.E. 384 (1921), we said that while, on the facts there, no assessment had been made, if an erroneous assessment of taxes had been made, the appropriate remedy at law would be under § 2389, Code 1919 (now § 58-1145). While neither case dealt with the predecessor of Code § 15.1-554, Dominion attaches significance to the fact they were decided subsequent to *Fidelity* and expressly held that the predecessor section of Code § 58-1145 was available for correction of erroneous assessments and for claims for refunds.

In *Charlottesville* v. *Marks' Shows*, 179 Va. 321, 333, 18 S.E.2d 890, 896 (1942), referring to the predecessor of Code § 58-1145, we said:

"The answer is that the legislature has given the taxpayer, under the various statutes for the correction of erroneous assessments (such as section 414 of the Tax Code, which is applicable here), a simple remedy for the recovery of taxes erroneously assessed and collected even though voluntarily paid. When the prescribed statutory procedure is followed, taxes illegally assessed and collected must be refunded to the taxpayer regardless of whether they have been paid voluntarily or under compulsion. [Citations omitted]."

Subsequently, in *Chesapeake and Potomac Tel. Co.* v. *Newport News*, 194 Va. 409, 413, 73 S.E.2d 394, 397 (1952), and referring specifically to §§ 58-1145 through -1151, it was held:

"Relief under these statutes is not confined to the correction of an assessment which is merely erroneous. They embrace also levies and assessments claimed to be unconstitutional, illegal and void. [Authorities omitted].

"The object of these statutes was to furnish an expeditious and inexpensive remedy against taxes which have been assessed or collected. They are to be liberally construed in order to further the remedy so provided. [Citations omitted]."

We agree with Dominion that "logic dictates that in the special area of taxation the remedy afforded the aggrieved taxpayer is that provided by §§ 58-1145, *et seq.*"

Code § 15.1-554 is a part of Chapter 12 of Title 15 of the Code of Virginia 1950 which deals with counties generally, including the composition, responsibilities, powers, etc., of a board of supervisors of a county. The statute relates to general claims and demands against a county arising out of transactions, disputes and matters incident to the operation of the county by the board. This section does not specifically provide for the correction of an erroneous tax assessment or for the refund of taxes erroneously paid. It relates only to a "claim" or "demand". The General Assembly of Virginia made explicit provision for such correction and refund in the Virginia Tax Code and by its enactment of Code §§ 58-1145 and 58-1148.

If all claims for correction of erroneous assessments and for refunds of taxes were subject to the application of Code § 15.1-554, the procedure found in §§ 58-1145 and 58-1148 would be without value because such claims would reach the circuit court only on appeal from the board of supervisors. The object of these statutes, "to furnish an expeditious and inexpensive remedy against taxes which have been assessed or collected", would be frustrated.

It is reasonable to believe that had the General Assembly intended that compliance with Code § 15.1-554 be a prerequisite to the invocation of the jurisdiction of the circuit court under Code § 58-1145, it would have said so. We further believe that had the drafters of Henrico Code § 8-30 believed that the county's Board of Supervisors was required by law to pass upon every application for a correction of erroneous assessments and a refund of taxes, the ordinance would have been drafted differently.

It is our conclusion that Dominion followed both the procedural requirements demanded by the Code of Henrico (§ 8-33) and by the Code of Virginia (§ 58-1145), and having done so the court below had jurisdiction to adjudicate the controversy and grant the relief prayed for by Dominion.

Accordingly, the order of the circuit court sustaining appellee's plea in abatement is reversed, and the case is remanded for further proceedings.

*Reversed and remanded.*