## CIRCUIT COURT OF FAIRFAX COUNTY

Courthouse Cafeteria, Inc.

v.

County of Fairfax

June 7, 1982

Case No. (Chancery) 74895

By JUDGE F. BRUCE BACH

Complainant, Courthouse Cafeteria, Inc., currently operates the cafeteria facilities located in the basement of the old Courthouse. In 1981, Defendants Fairfax County and its employees began to solicit bids for operation of food service facilities in the old Courthouse, the Massey Building and the new Judicial Center. The County issued a Request for Proposal (RFP) No. 2-0012-02-07, outlining a two-step bidding process. Six bids were received, three of which, including Complainant's, were rejected after the first step. Complainant was sent a copy of the notice of rejection, dated November 13, 1981. The Marriott Corporation was awarded the contract for all three facilities on December 30, 1981. On January 27, 1982, Complainant filed suit alleging, *inter alia*, violation of Virginia's Antitrust Act, Sections 59.1-9.1 to 9.18, violation of the Conspiracy to Injure Another in Trade, Business or Profession Act, Sections 18.2-499 to 501, and violation of the County approved Small and Minority Business Enterprise Program. Defendants have filed a

Plea of Sovereign Immunity, a Plea in Bar, and Demurrer.

Assuming, without deciding, that the Court has jurisdiction to decide this case, the County of Fairfax's Plea of Sovereign Immunity must be sustained. A long line of Virginia cases has recognized that, like the state, counties enjoy immunity from suit except where such immunity has been waived. *Botetourt County v. Burger*, 86 Va. 530 (1889); *Nelson County v. Coleman*, 126 Va. 275 (1919); *Mann v. County Board of Arlington*, 199 Va. 169 (1957); *Chesterfield v. Town and Country Apts.*, 214 Va. 587 (1974). The Court in *Chesterfield*, quoting from *Botetourt*, stated:

> The county is a political subdivision of the state, and can only be sued when and in the manner prescribed by law. The sovereign can be sued only by its own consent. . . . The same principles apply to a county . . . . 214 Va. at 591.

Furthermore, a waiver of immunity can result only from explicit and expressly announced statutory language. A waiver cannot be implied from general statutory language. *Tunnel District v. Beecher*, 202 Va. 452 (1961). Section 15.1-508 contains an express waiver, allowing counties to sue and to be sued upon contractual obligations. *Mann, supra.* An exception to the state's immunity also has been recognized under Sections 58-1145 to 1148, concerning tax assessments and refunds. *Dominion Chevrolet v. Henrico*, 217 Va. 243 (1976).

Virginia's Antitrust Act lacks any provision expressly waiving immunity. Section 59.1-9.15 specifically grants the State the power to maintain an action, but contains no reference to the State's amenability to suit. Complainant's contention that the "all encompassing" language of the Act "unequivocally establishes" that it applies to the State and hence, to Fairfax County, is not persuasive. A waiver cannot arise by implication. *Beecher, supra.* The conspiracy statutes, Section 18.1-499, *et seq.*, also do not contain an express waiver of the State's immunity. The County, being a political subdivision of the state, occupies the same position with respect to suits

against it that the State does. A county cannot be sued without the consent of the State. *Nelson County*, 126 Va. at 293. *Chesterfield, supra.*

Complainant cites *Community Communications Co., v. City of Boulder, Colorado, et al.*, 455 U.S. 40, 102 S.Ct. 835, 70 L.Ed.2d 810 (1982), for the proposition that immunity from suit under the Virginia Antitrust Act is limited to the State and does not extend to local governments such as Fairfax County. In that case, the U. S. Supreme Court held that the City of Boulder was not immune from suit under the federal Sherman Antitrust Act. The "state action" exemption of *Parker* v. *Brown*, 317 U.S. 341 (1943), did not apply as municipalities are not themselves sovereign and can enjoy immunity only to the extent a City acts pursuant to a "clearly articulated and affirmatively expressed state policy." 70 L.Ed.2d at 820-21. The fact that Boulder, as a "home rule" municipality, was guaranteed autonomy over local matters did not amount to such a clearly expressed state policy. The Court held that a state which simply allows its municipalities to do as they please can hardly be said to have contemplated the specific actions taken. In this instance, Colorado's position was not one of "clear articulation and affirmative expression," but one of mere neutrality. *Id.* at 821.

*Community Communications* is inapposite. The decision was based exclusively on the applicability of federal law to a municipality. Following *Community Communications*, federal antitrust law may apply to the Defendant, but the case does not support the proposition that state antitrust law applies to the County. Furthermore, the issue in that case concerned the sovereignty of a municipality. ". . . Counties and municipalities are viewed as different entities under Virginia law . . . ." *Obenshain* v. *Halliday*, 504 F. Supp. 946, 954 (E.D. Va. 1980). The distinction was clearly articulated in an early case:

> The rules established by the courts concerning municipal corporations have but slight application to counties organized as ours are . . . . *Fry* v. *County of Albemarle*, 86 Va. 195, 197 (1890).

Municipalities are created either at the direct solicitation or by the free consent of the people who compose them, mainly for the interest, advantage and convenience of the locality and its people. Counties, on the other hand, are created by the sovereign power of the State. With scarcely an exception, all the functions and powers of a county have a direct and exclusive reference to the general policy of the State. In fact, a county is but a branch of the general administration of that policy. *Smith* v. *Kelley*, 162 Va. 645, 649-50 (1934); *Obenshaine, supra.*

Complainant also contends that the County violated "affirmative duties" imposed upon it by adoption of a Small and Minority Business Enterprise Program. Bill of Complaint, Count II. Assuming, without deciding, that the Program does impose obligations upon the County, Defendant remains immune from suit for breach of any such duties. A county cannot be sued without the consent of the State. The Board of Supervisors lacks the power to waive that immunity. *Mann*, 199 Va. at 175; *Nelson, supra.*

Finally, the allegations under Count III relating to Defendants' disregard of the criteria stated in the RFP, at the most, constitute a possible tort action. As outlined above, the County clearly has immunity from such an action.

The County's immunity also is available to an employee who performs supervisory functions or exercises discretionary judgment within the scope of his employment. However, an employee who performs purely ministerial duties, commits an intentional tort, or who acts outside the scope of his employment, is not protected. *See Lawhorne* v. *Harland*, 214 Va. 405 (1973); *Sayers* v. *Bullar*, 180 Va. 222 (1942). The Bill of Complaint alleges that each individual Defendant was ". . . at all times pertinent to this suit, the agent, servant or employee of the County of Fairfax . . . ." (p. 2, para. 6-9). There is no contention that these Defendants' duties were purely ministerial. Thus, the protection of sovereign immunity is lifted only if an intentional tort was committed or Defendants were acting outside the scope of their employment. Although the Complainant alleges that Defendants' conduct was negligent, willful, malicious or unlawful, the Bill of Complaint lacks specific

allegations of fact that Defendants were not acting within the scope of their employment. The allegations are in terms of conclusory statements and no particular activities by the Defendants are cited in support of these conclusions. As stated in *Sayers*:

> There was no allegation that the defendants had stepped beyond the course of their employment. There were no facts alleged (as distinguished from the pleader's conclusion) to show that they were guilty of any wrongful conduct or acted wantonly or negligently. No facts were alleged to show that they exceeded the authority of directions given them. No facts were alleged to show that they were acting individually and on their own responsibility. 180 Va. at 228.

Even if the Defendants were found not to be immune from suit, Complainant's failure to comply with the requirements of Sections 15.1-552 to 554 bars this action. Section 15.1-554 provides that:

> No action shall be maintained by any person against a company upon any claim or demand until such person shall have first presented his claim to the board of supervisors of such county for allowance.

The determination of the board is final and a bar to any further action unless an appeal pursuant to Section 15.1-552 is taken or unless the board agrees and consents to the institution of an action by the claimant. Section 15.1-553.

Section 15.1-554 has been given a very broad construction by the Virginia Supreme Court. "The statute relates to general claims and demands against a county arising out of transactions, disputes and matters incident to the operation of the county by the board." *Dominion Chevrolet* v. *Henrico*, 217 Va. 243, 247 (1975). Furthermore, the language of the provision has been held to encompass every type of claim, legal or equitable. *Fidelity & Deposit Co.* v. *Gill*, 116 Va. 86, 92-3 (1914). Compliance with this section is a jurisdictional predicate to an action against a coun-

ty. *Karara* v. *County of Tazewell*, 450 F. Supp. 169 (W.D. Va. 1978), *aff'd*, 601 F.2d 159 (4th Cir. 1978); *Dominion Chevrolet*, *supra*. Failure to allege compliance with Section 15.1-554 also requires dismissal upon a demurrer. *Chesterfield*, 214 Va. at 590-91.

The Bill of Complaint does not allege that Complainant's claim was submitted to the Fairfax County Board of Supervisors. Nor does the memorandum submitted by Complainant's counsel argue against application of Section 15.1-554. Counsel does argue that a letter to the County Executive, dated November 9, 1981, copies of which also were sent to each Board member, constitutes substantial compliance with this provision and that to require submission of its claim through more formal channels would ". . . require Complainant to perform a pointless act . . ." Memo in Opposition, p. 8. However, submission of its claim to the Board is a prerequisite to this Court's jurisdiction. The November 9, 1981, letter also does not constitute compliance with Section 15.1-554. It lacks any specifics concerning the claim and, more importantly, no action had been taken on Complainant's bid at that time. The letter itself states that Courthouse Cafeteria is "concerned that an adverse decision may be made as early as tomorrow." The bid was rejected by letter dated November 13, 1981. Prior to that time, Complainant did not have a claim and could not have submitted a claim to the Board.

In view of the above, the Court finds that the Defendants' Plea in Bar must be sustained. Complainant is granted leave to file an amended Bill of Complaint properly alleging personal liability on the part of the individual Defendants if they are so inclined.