LUNSFORD T. NUCKOLS, JR., ET AL.

V.

T.   BOOKER MOORE, ETC., ET AL.

Record No. 841576

November 25, 1987

Present: All the Justices

*William B. Cummings (David T. Williams; Conard B. Mattox Jr.,* on briefs), for appellants.

*B. H. B. Hubbard, III (James C. Breeden; James H. Ward, Jr.,* on brief), for appellees.

RUSSELL, J., delivered the opinion of the Court.

This is an appeal from the dismissal of a petition for declaratory judgment and mandamus in a land use controversy. The sole question before us is whether the trial court erred in applying the procedural requirements of Code §§ 15.1-550 through 554, which concern the presentation of claims to the board of supervisors as a prerequisite to maintaining an action against a county "upon any claim or demand."

Lunsford T. Nuckols, Jr., and others[1] (collectively, the owners) were owners of tracts of land adjacent to a runway at Hummel Field, an airport owned by Middlesex County. In 1983, the owners applied to the County for building permits to erect towers supporting windmills on their lands near the runway. The County's acting building official denied the applications. Contending that their applications violated no building code or zoning ordinance, the owners appealed the denial to the Middlesex County Building

---

[1] The original complainants below were Lunsford T. Nuckols, Jr., Elizabeth S. Nuckols, Marshall D. Beard, Nancy M. Beard, Bernard L. Fletcher and Pansy M. Fletcher. The Beards and the Fletchers later took nonsuits.

Appeals Board, which affirmed the building official's ruling. The owners further appealed to the State Building Code Technical Review Board, which held a hearing on July 8, 1983 and reversed the lower tribunals, allowing the erection of the windmills to proceed.

Three days before the State Board's hearing, the Board of Supervisors of Middlesex County enacted a "Middlesex County Airport Hazard Ordinance," effective immediately, purporting to make it a misdemeanor to erect any "hazardous structure," as defined by federal aviation regulations, within 0.8 miles of the Hummel Field runway. The county authorities refused to honor the ruling of the State Board on the ground that to do so would contravene the newly adopted ordinance.

The owners filed this petition against the Board of Supervisors and the building official (collectively, the County) in three counts. The first two counts prayed for an adjudication of their rights under the declaratory judgment statutes and asked for a writ of mandamus compelling the issuance of building permits. The third count claimed that if the County were successful in blocking the proposed use of their lands, their vested property rights would have been taken or damaged without just compensation, entitling them to an award of damages under the Virginia Constitution.

The County filed a motion to dismiss the petition on the grounds that the owners had failed to comply with the procedural requirements of Code §§ 15.1-552 and 553 which, the County argued, were prerequisites to the maintenance of the owners' suit. Before the motion was argued, the owners nonsuited Count III, leaving the court with the sole question whether the above-mentioned statutes apply to proceedings for declaratory judgment and mandamus.[2] The court concluded that the owners' failure to comply with the statutory procedural requirements was fatal, and dismissed their petition. We granted the owners an appeal.

Code § 15.1-550 provides a procedure for the allowance of an "account" by the board of supervisors, to be paid out of county funds, and provides for challenges, appeals, and judicial review of such allowances. Section 15.1-552 provides for appeal to the circuit court by any person whose claim against a county is disallowed. It provides a 30-day time limitation for such appeals after

---

[2] The question whether mandamus is a proper remedy is not before us in this appeal.

the claimant has notice of the disallowance, and an outside limitation of six months from the date of decision. It also provides that no appeal shall be allowed in any case unless the amount disallowed exceeds ten dollars. Section 15.1-553 provides that a county may consent to the litigation of a disallowed claim outside the appeal procedure of the preceding section. Section 15.1-554 provides: "No action shall be maintained by any person against a county upon any claim or demand until such person shall have first presented his claim to the board of supervisors of such county for allowance . . . ."[3]

█ The language and context of the foregoing sections, as well as their arrangement and sequence, demonstrates a legislative intent to provide a comprehensive procedure for the presentation, auditing, challenge, defense, and judicial review of *monetary* claims asserted against a county. As we said in *County Sch. Bd.* v. *Supervisors*, 184 Va. 700, 710, 36 S.E.2d 620, 625 (1946), "claims presented to the Board of Supervisors for payment should be scrutinized with care, and . . . the Attorney for the Commonwealth should require strict proof of those that are doubtful."

█ All the cases in which we have held the procedural provisions of Code §§ 15.1-550 through 554 and their predecessors to be prerequisites to the maintenance of a suit against a county have involved monetary claims. *See, e.g., Botetourt County* v. *Burger*, 86 Va. 530, 10 S.E. 264 (1889) (counterclaim against county for debt owed by county); *Fidelity and Deposit Co.* v. *Gill*, 116 Va. 86, 81 S.E. 39 (1914) (claim for monetary recovery on surety bond); *Nelson County* v. *Coleman*, 126 Va. 275, 101 S.E. 413 (1919) (claim for damages for wrongful taking of land); *Parker* v. *Prince William County*, 198 Va. 231, 93 S.E.2d 136 (1956) (claim for damages caused by nuisance); *Chesterfield* v. *Town and Country Apts.*, 214 Va. 587, 203 S.E.2d 117 (1974) (claim for recovery of sewer connection fees paid under protest); *Burk* v. *Porter*, 222 Va. 795, 284 S.E.2d 602 (1981) (suit to recover county funds improperly disbursed).

█ Where the claim asserted against a county is monetary, we have held the requirements of the foregoing statutes to be applicable regardless of the form of action employed. Thus, in *Fidelity and Deposit Co.* v. *Gill*, we held the language of the predecessors

---

[3] This section was amended in 1987 to provide an exception in the case of contracts providing for binding arbitration. The change is not pertinent here.

of those statutes "broad enough to embrace every character of claim, whether legal or equitable." 116 Va. at 92-93, 81 S.E. at 42. In *Chesterfield* v. *Town and Country Apts.*, we held the present statutes applicable to a declaratory judgment proceeding because it had as its object the recovery of a sum of money paid to the county under protest.

■ By contrast, we were confronted in *County Sch. Bd.* v. *Supervisors* with a case in which the requirements of the foregoing statutes were interposed by the county as a defense to a suit in equity which sought to compel a board of supervisors to perform its contract to acquire land for the erection of a school. We said, "We are not dealing with a *claim* against the county but with an effort to make the Board of Supervisors live up to its agreement. It is a party to this cause and the court has ample power to enforce it." 184 Va. at 710, 36 S.E.2d at 624 (emphasis added). Because the object of the suit was not a mere monetary claim against the county, we held the predecessors of Code §§ 15.1-550 through 554 inapplicable.

■ Consistent with our prior rulings, we construe the procedural requirements of Code §§ 15.1-550 through 554 to be applicable only to monetary claims against a county. After the owners in the present suit had nonsuited Count III of their petition, no monetary claim remained in the case. The parties had limited their requested relief to an adjudication of their rights to build windmills under the applicable codes and ordinances. The court, therefore, erred in dismissing their petition for failure to comply with the statutory requirements governing monetary claims. We will reverse the decree appealed from and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*