## CIRCUIT COURT OF FAIRFAX COUNTY

McConnell et al.

v.

Board of Supervisors
of Fairfax County

Case No. (Chancery) 108705

June 20, 1989

By JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on defendant's Demurrer to petitioner's Amended Petition for Declaratory Judgment and Other Relief and on Count I of defendant's Plea in Bar and Motion to Dismiss Petitioner's Amended Petition for Declaratory Judgment and Other Relief (Count II was subsequently withdrawn). This Court had previously had under advisement defendant's Demurrer and Plea in Bar and Motion to Dismiss the original Petition for Declaratory Judgment and Other Relief. Since the parties have agreed that the Court's ruling as to defendant's Plea in Bar and Motion to Dismiss and Demurrer to the original Petition will be dispositive of defendant's similar pleadings to the Amended Petition for Declaratory Judgment and Other Relief, this opinion will simultaneously address defendant's Responsive Pleadings to both the original and amended petitions.

6

For the following reasons, the Plea in Bar and Motion to Dismiss is denied. Since only Count I of this pleading remains outstanding, only those grounds are addressed. The Demurrer to the Petition for Declaratory Judgment is sustained as to Count III and overruled as to Counts I and II.

### Plea in Bar and Motion to Dismiss

In Count I of defendant's Plea in Bar and Motion to Dismiss for Lack of Jurisdiction, the Board contends the plaintiffs failed to properly present their claims to the Board first, as required by Virginia Code § 15.1-547 *et seq.* and that such requirements are jurisdictional. Such an argument presupposes that all of plaintiff's claims are subject to the requirements of §15.1-547 *et seq.* However, the Virginia Supreme Court has stated that § 15.1-547 applies only to monetary claims. *See Nuckols v. Moore,* 234 Va. 478 (1987). The Court reads only Count II as seeking direct monetary relief of $500,000. The Board argues that petitioners' letter of August 18, 1988, requesting compensation in the amount of $500,000 for the value of their property and the costs of potential litigation was insufficient to satisfy the statutory requirements.

Although the Court agrees that only thirty-five days between the presentation of the claim and the filing of this suit seems to be insufficient time for the Board to adequately respond to the merits of such a large claim, the statute does *not* provide a time period within which the Board must act. Further, failure of the Board to act does not bar a claimant from filing an action in court under § 15.1-553. Since the Board has subsequently denied the claim, and since petitioners have consequently been allowed to amend their petition to appeal that denial and have posted bond, the issue appears to be moot at this point. Accordingly, the Plea in Bar and Motion to Dismiss for lack of jurisdiction is denied.

### Demurrer

The Board filed a Demurrer to Counts III and IV, and I of the Petition for Declaratory Judgment and Other

Relief, in that order. The grounds for Demurrer will be addressed in that order as well.

The Board asserts three grounds for its Demurrer to Count III seeking relief under 42 U.S.C. § 1983. First, that the claim is essentially based upon allegations of simple negligence of county employees in that they negligently designed and maintained the storm drainage system in violation of the Board's adopted guidelines, and such negligence does not rise to a § 1983 claim for deprivation of property since such a loss did not occur without due process of law. Secondly, the Board claims the law is "well-settled" that when an adequate post-taking remedy is available, the loss will not amount to a deprivation. Lastly, the Board asserts it is not liable under § 1983 since the loss did not occur pursuant to any law, ordinance, or county-wide policy adopted by the Board.

Although the Board claims the allegations are essentially of employee negligence, plaintiffs frame their claim quite differently. It is the refusal of the Board to act to correct the problem. Such inaction, the plaintiffs argue, is a conscious action and thus constitutes an act of county policy.

The U. S. Supreme Court in *Pembauer v. Cincinnati*, 475 U.S. 469 (1986), noted that "a municipality may be liable under § 1983 for a single decision by its properly constituted legislative body . . . because even a single decision by such a body constitutes an act of official government policy." *Id.*, 475 U.S. at 480.

The question turns on whether the Board's failure to act constitutes a conscious decision which is an act of government policy. There is no assertion that the Board voted on the issue and actively turned down any proposal to correct the sewer problem. It appears from the pleadings that it has been an ongoing problem left unattended for over ten years. If this Court were to so declare this inaction to be action for purposes of a § 1983 action, then every failure by the Board to act could subject it to possible liability.

The only clear official policy of the Board was the adoption of guidelines for adequate sewer systems. The essence of petitioners' claim is failure to maintain the sewer system, since ultimate responsibility lies with the Board as the party charged with the statutory

mandate. Such a claim does not state a claim for relief under § 1983 for a taking, as there is an adequate remedy at law for damages for such a breach of duty.

Both parties have addressed at length the law of post-deprivation remedies. Since the Court sustains the Demurrer as to the § 1983 action, those arguments need not be addressed.

The defendant Board demurred to Count IV on the ground that an injunction is unavailable where an adequate remedy exists at law. The Board argues the injunction sought is essentially the same as a writ of mandamus to compel the Board to expend County funds for a new sewer system, a decision which is within its legislative discretion and it not ministerial.

The remedy petitioners seek is available to compel the Board to generally perform a duty imposed by statute, even if the act is of a discretionary nature. See C. C. & Ohio Ry. v. Scott County, 109 Va. 34, 41 (1909), where the Virginia Supreme Court held it could compel the Board to either consent or refuse to consent to the construction of a new road. Such a power, to compel the Board to act one way or another, does not mean the court may compel the Board to take a positive action on insuring an adequate sewer system. Given that the Board has already rendered its decision at this point, the claim for injunction to compel action one way or another is now moot. The Court therefore need not rule on this issue.

Lastly, the Board demurred to Count I for declaratory judgment, on the ground that the relief sought is overbroad and that the Court should limit such a judgment to the issue of a taking.

The Board's argument on this Count is inappropriate on a demurrer, where the only issue is whether a cause of action is stated. The scope of the Court's power to issue declaratory judgments is governed by § 8.01-184. So long as an actual justiciable controversy exists, this Court may make binding adjudications of right. The adjudications sought are determinations of law related to establishing petitioners' claim of a taking. The defendant's contentions that the declarations sought are overbroad and unnecessary are more appropriate for an answer than for a demurrer. Thus, the demurrer to Count I is overruled.

November 29, 1989

## By JUDGE JOHANNA L. FITZPATRICK

Two matters are now pending before the Court. Defendant Board of Supervisors has filed a plea in bar of the statute of limitations. In partial response, plaintiffs seek leave to amend their petition to add a count for trespass. Oral argument was heard on November 17, 1989, at which time defendant's motion for a separate hearing on the issue of compensation was granted. For the reasons stated below, plaintiffs are granted leave to amend while defendant's plea in bar is denied.

This suit involves a storm drain which backs up from time to time, causing flooding which damages plaintiffs' nearby property. Plaintiffs allege that the defendant is responsible for this flooding since they are charged with the obligation of designing and maintaining this storm sewer system. In their second amended petition, plaintiffs allege one count for declaratory relief and one count for inverse condemnation. They presently seek leave to add a count for trespass. (Defendant's demurrer to plaintiff's request for relief under 42 U.S.C. § 1983 was granted by Order dated June 20, 1989.)

Defendant resists this amendment, claiming in part that the action is barred by sovereign immunity. As indicated during oral argument, the defendant's arguments are not timely. Leave to amend the petition is granted without prejudice to defendant's right to raise any arguments by way of demurrer, motion to strike, or any other defensive pleading which may be appropriate. The Court expresses no opinion at this time on the merits of this count.

Turning next to the plea in bar, defendant contends that plaintiffs' claim for inverse condemnation is barred by the statute of limitations. Both parties agree that a claim for inverse condemnation sounds in implied contract and that the applicable statute of limitations is three years under § 8.01-246(4). Defendant contends that the instant cause of action accrued at least three years prior to the date suit was filed. This contention is based largely on plaintiffs' various admissions and allegations (both here and in a parallel suit against the previous property

owners) concerning the dates when the plaintiffs became aware of the flooding.

A claim for inverse condemnation is essentially a claim that the government has "taken" property without due process of law in violation of the Fifth Amendment to the U. S. Constitution. As explained in *Barnes v. United States*, 538 F.2d 865 (Ct. Cl. 1976), case law has developed the law of eminent domain as applied to instances of flooding. Property may be taken by the invasion of water where subjected to "intermittent, but inevitably recurring, inundation due to authorized government action." *Id.* at 870, citations omitted.

A cause of action for an unconstitutional taking therefore does not accrue until the flooding becomes inevitable. On this point, plaintiffs contend that the flooding did not become inevitable until November 28, 1988, when the defendant disallowed their claim. Prior to this time, plaintiffs argue, the defendant could have agreed to take some corrective measure.

The Court must reject this view. The inevitability referred to in *Barnes* is measured by the natural forces which cause the flooding, not by the likelihood of corrective action or who will pay for it. To say that flooding is inevitable in this case is to say that a certain amount of rainfall within a given time period will almost certainly produce a flood sufficient to harm plaintiffs' property.

On the other hand, the Court simply cannot say on the basis of this record that flooding became inevitable at least three years prior to the commencement of this suit, as the defendant contends. Rather, this poses a question of fact to be determined at trial. *Accord United States v. Dickinson*, 331 U.S. 745, 91 L. Ed. 1789, 1793-94 (1947). Defendant's plea in bar is therefore denied.