# CIRCUIT COURT OF BEDFORD COUNTY

Danny R. Wilson et al.

v.

Bedford County
Board of Supervisors

July 30, 1998

Case No. CL97009270-00

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the Plea in Bar filed by the Defendant.

The Court sustains the Defendant's Plea in Bar because Plaintiffs' claims against Bedford County are barred by the doctrine of sovereign immunity. The doctrine of sovereign immunity serves many important functions for federal, state, and local government. The Supreme Court of Virginia, in *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984), articulated some of the multitude of purposes which the doctrine serves, such as "protecting the public purse, providing for smooth operation of government, eliminating public inconvenience and danger that might spring from officials being afraid to act, assuring that citizens will be willing to take public jobs, and preventing citizens from improperly influencing the conduct of governmental affairs through the threat or use of vexatious litigation." *Id.* at 308.

The doctrine of sovereign immunity has been applied to afford counties in Virginia immunity from liability in tort. The Court in *Freeman v. City of Norfolk*, 221 Va. 57, 266 S.E.2d 885 (1980), found that "in the absence of statute, negligence cannot be imputed to the sovereign and therefore no private action will lie against the state." *Id.* at 59 (citing *Board of Public Works v. Gannt*, 76 Va. 455, 461 (1882)). This echos the opinion of the Court in *Mann v. County Board*, 199 Va. 169, 98 S.E.2d 515 (1957), in which the Court held that "no liability is incurred by a county for tortious personal injuries resulting from negligent construction, maintenance, or operation of its streets, roads, and highways." *Id.* at 174. See also, *Fry v. County of Albemarle*, 86 Va. 195,

9 S.E. 1004 (1889) (stating that counties are not liable for tortious personal injuries resulting from negligence of its officers, servants, employees).

It seems to be well established in Virginia that the state and its counties are immune from tort liability. However, this immunity is only applicable when the sovereign body is engaged in a governmental, and not proprietary, function. The Court in *Transportation, Inc. v. Falls Church*, 219 Va. 1004, 254 S.E.2d 62 (1979), defined governmental functions as those undertaken to protect the general public's health and welfare. *Id.* at 1006. Conversely, proprietary functions are those undertaken for corporate benefit or profit and may involve the payment of a fee to the city or county. *Fenon v. City of Norfolk*, 203 Va. 551, 556, 125 S.E.2d 808 (1962). To some degree, the enforcement of the Building Code seems to fall into both categories as all citizens of a locality derive a certain benefit from the construction of safe and stable structures in their community. However, the individual who will occupy the dwelling surely obtains a more particularized benefit and is also required to pay a fee for the inspection and issuance of the Certificate of Occupancy.

In looking at these functions performed by the county in the enforcement of the Building Code, the governmental function seems to be most dominant. See also, *Taylor v. Newport News*, 214 Va. 9, 10, 197 S.E.2d 209 (1973) (stating that, when government and proprietary functions are coinciding, the governmental function is overriding). The Court in *VEPCO v. Savoy Const. Co.*, 224 Va. 36, 294 S.E.2d 811 (1982), stated that "the dominant purpose of the Building Code . . . is to provide comprehensive protection of the public health and safety." *Id.* at 44. The importance of the Building Code to the safety of the general public is further evidenced by the fact that counties are mandated to perform building inspections under the Virginia Uniform Statewide Building Code. See, Va. Code § 36-105. This supports the conclusion that the enforcement of the Building Code is a governmental function for which the county should be immune from tort liability. This conclusion is further supported by a relatively recent ruling in at least one other Virginia circuit court. In *Dunn v. City of Williamsburg*, 35 Va. Cir. 420 (1995), the circuit court, based on the doctrine of sovereign immunity, dismissed claims against Williamsburg stemming from the allegedly negligent inspection and issuance of a certificate of occupance for a building.

The Plaintiffs assert that the doctrine of sovereign immunity is not applicable in the present case based on the theory that this action involves a breach of an express or implied warranty, rather than a tortious personal injury, and on the additional theory that the doctrine of sovereign immunity has been abrogated or abolished by the Supreme Court's opinion in *Nuckols v. Moore*, 234 Va. 478, 362 S.E.2d 715 (1987). Plaintiffs' first proposition, that

Bedford County breached an express or implied warranty, is not supported by Plaintiffs' pleadings. Plaintiffs have simply alleged that the County was negligent in its inspection and issuance of a certificate of occupancy for their home. The Plaintiffs have failed to allege any warranty given to them by the County. As such, this action must be treated as a tort action and falls subject to the applicable rules of sovereign immunity in tort cases.

Plaintiffs' second contention, that former §§ 15.1-551 et seq. of the Code of Virginia abrogates the doctrine of sovereign immunity for all monetary claims against the county, is also against the weight of the law and intent of the Virginia legislature. The *Nuckols* Court construes former Virginia Code § 15.1-550, et seq. to govern all monetary claims against counties. *Id.* at 482. However, this construction of the former Code provision has never been applied to actions in tort, but has only been applied to suits stemming from contractual obligations between counties and individuals. Virginia Code § 8.01-195.3 provides that no section of the Virginia Tort Claims Act, Va. Code § 8.01-195.1 et seq., shall "be so construed as to remove or in any way diminish the sovereign immunity of any county, city, or town in the Commonwealth." This is in keeping with the numerous decisions by the Virginia Supreme Court which have consistently shielded counties from liability in tortious personal injury actions. See, e.g., *Nelson County v. Coleman*, 126 Va. 275, 101 S.E. 413 (1919) (although a county may be sued for breach of contract, a county is immune from suit in tort). As the *Messina* Court affirmatively stated, the doctrine of sovereign immunity is alive and well in Virginia." *Messina*, 228 Va. at 307.

Accordingly, the doctrine of sovereign immunity bars this action by the Plaintiff and this suit must be dismissed.

Because the Plaintiffs' negligence claim against Bedford County is barred by the doctrine of sovereign immunity, it is unnecessary for the Court to consider the other issues, such as the statute of limitations, raised in Defendant's Plea in Bar and Demurrer.