COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Chaney, White and Senior Judge Annunziata
Argued at Fairfax, Virginia


NATIONAL RURAL ELECTRIC
    COOPERATIVE ASSOCIATION
                                                          MEMORANDUM OPINION[*] BY
v.      Record No. 0924-23-4                     JUDGE ROSEMARIE P. ANNUNZIATA
                                                                  MAY 14, 2024
ARLINGTON COUNTY


                    FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                              William T. Newman, Jr., Judge

              Nicholas J. Pascale (Tyler A. Butler; National Rural Electric
              Cooperative Association, on briefs), for appellant.

              Ryan C. Samuel, Deputy County Attorney (MinhChau N. Corr,
              County Attorney; Whitney A. Davis, Assistant County Attorney, on
              brief), for appellee.


        The National Rural Electric Cooperative Association (NRECA) appeals a partial final

judgment dismissing its inverse condemnation claim against Arlington County.  The trial court

dismissed the claim with prejudice because (1) NRECA did not comply with Code § 15.2-1247

before filing its complaint and (2) the claim was barred by the statute of limitations.  NRECA's

argument that Code § 15.2-1247 did not apply to its claim is not preserved for appeal.  In addition,

the trial court did not err by determining that the claim was time-barred.  Accordingly, we affirm.

                                        BACKGROUND

        On October 25, 2022, NRECA filed a complaint asserting that the County had granted a

contractor a permit to install conduit in a public right-of-way that traversed NRECA's property.

According to the complaint, the contractor "began excavation work" on September 18, 2018, and

_____

[*] This opinion is not designated for publication.  See Code § 17.1-413(A).

the permit expired at midnight on September 23, 2018. The contractor's "actions" while performing the work allegedly damaged a subterranean "topping slab" beneath the public walkway, which "create[d] a dangerous and unsafe condition" that continued to deteriorate. NRECA maintained that the County was liable for the damage under Article I, § 11 of the Virginia Constitution.

In a plea in bar, the County argued that as a political subdivision of the Commonwealth, it could be sued only "in the manner prescribed by law." The County asserted that NRECA had not complied with Code § 15.2-1248, which provides that "[n]o action shall be maintained by any person against any county upon any claim or demand until such person has presented his claim to the governing body of the county." In addition, the County contended that the inverse condemnation claim was "based on an implied contract theory" and, therefore, subject to Code § 8.01-246(4)'s three-year statute of limitations. The County asserted that NRECA's October 25, 2022 complaint was filed more than three years after the cause of action accrued.

At a hearing on the plea in bar, NRECA agreed that Code § 15.2-1248's "presentment" requirement applied to its inverse condemnation claim. Nevertheless, NRECA contended that it had complied with Code § 15.2-1248 by sending a "demand letter" to the County Attorney on September 23, 2022. NRECA attached a copy of the demand letter to its response to the plea in bar and asked the trial court to consider the letter when ruling. Next, NRECA argued that its claim was not time-barred because the County had failed to sustain its burden of demonstrating "when the damage, in fact, occurred." It argued that the case involved complicated, subterranean damage, and the County's position that the damage occurred when "construction began" was too imprecise. Alternatively, NRECA contended that the County should be estopped from asserting a statute of limitations defense because NRECA had tried to "work with" the County to resolve the issue without litigation, and the County had acknowledged responsibility and performed "half measure" repairs, delaying this suit. The trial court took the County's plea in bar under advisement.

On March 1, 2023, NRECA filed an amended complaint with leave of court, reiterating its inverse condemnation claim against the County. The County refiled its plea in bar, arguing that the inverse condemnation claim must be dismissed because (1) NRECA did not comply with Code § 15.2-1248's presentment requirement, (2) even if NRECA did comply with Code § 15.2-1248, it did not wait 90 days to file its suit after sending its demand letter, as required under Code § 15.2-1247, and (3) the claim was time-barred.

In an April 14, 2023 letter opinion, the trial court found that NRECA's demand letter satisfied Code § 15.2-1248's presentment requirement. Nevertheless, the court agreed with the County's alternative argument that NRECA had not complied with Code § 15.2-1247, which permitted NRECA to sue the County only if it did not act on the demand letter within 90 days. Next, the trial court found that NRECA's inverse condemnation claim accrued on September 18, 2018. Accounting for the days that the Supreme Court's COVID-19 emergency orders tolled the statute of limitations, the court calculated that NRECA had until January 24, 2022 to file its claim; thus, the October 25, 2022 complaint was time-barred. Finally, the trial court found that the County was not estopped from asserting the statute of limitations because NRECA advanced only generalized allegations regarding the County's actions and NRECA "sat on its hands" for a year without taking any action. On May 1, 2023, the trial court entered a partial final judgment order under Rule 1:2, dismissing the inverse condemnation claim with prejudice.[1]

---

[1] NRECA's original complaint also advanced negligence, trespass to land, and private nuisance claims against the contractor, Comcast Cable Communications Management, LLC. The trial court sustained the contractor's demurrer to those counts, and NRECA filed an amended complaint with leave of court. This appeal, however, arises from the trial court's partial final judgment under Rule 1:2 dismissing *only* the inverse condemnation claim. Thus, NRECA's negligence, trespass to land, and private nuisance claims against the contractor are not before us.

ANALYSIS

On appeal, NRECA argues that the trial court erred by sustaining the plea in bar because its inverse condemnation claim was "self-effectuating under Article I, § 11 of the Virginia Constitution" and, therefore, not subject to Code § 15.2-1247's "procedural requirements." Alternatively, it argues that application of Code § 15.2-1247 was moot because the 90-day period elapsed before it filed the amended complaint. Next, NRECA argues that the trial court erred by ruling that its claim was barred by the statute of limitations because the County did not present any evidence to sustain its burden of demonstrating when the cause of action accrued, and the court improperly shifted the burden of proof to NRECA. Finally, NRECA contends that the County should have been estopped from asserting a statute of limitations defense.

    I. NRECA did not preserve its argument that the statutory requirements for bringing a
       claim against the County did not apply or were moot.

The General Assembly has enacted a statutory framework "to provide a comprehensive procedure for the presentation, auditing, challenge, defense, and judicial review of monetary claims asserted against a county." *Nuckols v. Moore*, 234 Va. 478, 481 (1987). The framework's statutory language is "broad enough to embrace every character of claim, whether legal or equitable," "regardless of the form of action employed," provided the claim's object is "recovery of a sum of money." *Id.* (citing *Chesterfield v. Town and Country Apts.*, 214 Va. 587, 590 (1974)).

The statutory framework begins by requiring "[t]he governing body of every county" to "receive and audit all claims against the county" and approve any settlements of claims "that are found to be valid." Code § 15.2-1243(A). "[T]he attorney for the Commonwealth, or the county attorney if there is one," must "represent the county before the board and advise . . . of any claim which in his opinion is illegal or not before the board in proper form or upon proper proof." Code § 15.2-1245(A). If the governing body "disallow[s]" a claim when the claimant "is present," he may appeal the decision to the circuit court within 30 days. Code § 15.2-1246. If

- 4 -

the claimant is not present, he may appeal "within 30 days after service" of "a written notice of the disallowance on him." *Id.* "In no case shall the appeal be taken after the lapse of six months from the date of the decision." *Id.*

Otherwise, the claimant may maintain an "action" in the circuit court against a county only if "the governing body consents to the institution of [the] action" or "the governing body fails to act upon any claim" submitted under Code § 15.2-1243(A) "within 90 days of the date [of] the claim." Code § 15.2-1247. To be sure, "[n]o action shall be maintained by any person against a county upon any claim or demand until such person has presented his claim to the governing body of the county," consistent with the above framework. Code § 15.2-1248.

NRECA argues that its inverse condemnation claim was not subject to Code § 15.2-1247's 90-day statutory waiting period because the claim is "self-executing and permits a property owner to enforce his constitutional right to just compensation in a common law action." *Kitchen v. City of Newport News*, 275 Va. 378, 392 (2008). Alternatively, it argues that application of Code § 15.2-1247 was moot when the trial court issued its letter opinion because the 90-day period elapsed before it filed the *amended* complaint. Neither argument is preserved for appeal.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" *Brown v. Commonwealth*, 279 Va. 210, 217 (2010) (quoting *West v. Commonwealth*, 43 Va. App. 327, 337 (2004)). "Specificity and timeliness undergird the contemporaneous-objection rule[ and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019)

(quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* "Rule 5A:18 applies to bar even constitutional claims." *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998) (citing *Deal v. Commonwealth*, 15 Va. App. 157, 161 (1992)).

NRECA's trial court arguments presented separate legal questions requiring distinct legal analyses than those presented to us on appeal. At trial, NRECA acknowledged that Code § 15.2-1248 required it to present its claim to the County's governing body before filing suit in the trial court. Indeed, NRECA insisted that it had complied with that requirement by sending the demand letter. Nothing in that argument required the trial court to address whether Code § 15.2-1247, which is part of the same statutory scheme as Code § 15.2-1248, was inapplicable because the claim was "self-executing," or whether the amended complaint mooted Code § 15.2-1247's applicability.[2]

Moreover, case law firmly establishes that "a party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory." *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (citing *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009)). "The 'doctrine against approbation and reprobation' applies both to assertions of fact and law." *Id.* (citing *Babcock & Wilcox v. Areva*, 292 Va. 165, 204 (2016)). Because the NRECA explicitly agreed that the statutory framework's "requirement of presentment" applied to its claim against the County, it cannot now argue on appeal that the framework did not apply because its claim was self-executing.

---

[2] Although NRECA mentioned at trial that its claim was "self-effectuating," it never argued that the statutory framework governing presentment of claims was *therefore inapplicable*. Rather, NRECA asserted that its claim was self-effectuating in the context of its argument that its demand letter had *satisfied* Code § 15.2-1248. Thus, the record firmly demonstrates that NRECA never asked the trial court to rule on the argument it now raises on appeal.

NRECA resists that conclusion by attempting to sever Code § 15.2-1247 from Code § 15.2-1248, insisting that its trial arguments were centered solely on Code § 15.2-1248 and did not acknowledge Code § 15.2-1247's applicability. That argument is meritless because, as demonstrated above, both statutes appear within a comprehensive and interdependent statutory framework governing presentment of claims against the county. *Nuckols*, 234 Va. at 481. Having acknowledged at trial that the framework's presentment requirements apply, NRECA cannot now take a "mutually contradictory" position on appeal by arguing that certain statutes within that framework did not apply. *Nelson*, 71 Va. App. at 403. Litigants may not play "fast and loose" with the courts at different stages of litigation. *Id.* at 403 (quoting *Babcock*, 292 Va. at 204).

Notwithstanding the above, NRECA contends in its reply brief that its arguments are properly before this Court because the trial court's letter opinion sua sponte invoked Code § 15.2-1247. It asserts that neither party raised Code § 15.2-1247 during briefing or at oral argument. To begin, the record belies that argument. The County's plea in bar to the amended complaint explicitly argued that even if NRECA's demand letter satisfied the presentation requirement under Code § 15.2-1248, NRECA "failed to wait the 90 days to file suit required by Code . . . § 15.2-1247." NRECA did not reply to that argument below and cannot do so with a novel theory for the first time on appeal.

But even if the trial court had raised Code § 15.2-1247 sua sponte, NRECA had more than two weeks to ask the trial court to reconsider its decision because the court issued its letter opinion on April 14, 2023, but did not issue its partial final judgment order until May 1, 2023. The "good cause" exception in Rule 5A:18 will not bar an argument from being raised for the first time on appeal "where an appellant did not have the opportunity to object to a ruling in the trial court; however, when an appellant 'had the opportunity to object but elected not to do so,' the exception does not apply." *Perry v. Commonwealth*, 58 Va. App. 655, 667 (2011) (quoting *Luck v.*

*Commonwealth*, 32 Va. App. 827, 834 (2000)). NRECA had the opportunity to present its arguments to the trial court but did not do so. Thus, Rule 5A:18 bars our consideration of its arguments on appeal.

II. The trial court did not err in finding that NRECA's inverse condemnation claim was time-barred.

"A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Cornell v. Benedict*, 301 Va. 342, 349 (2022) (quoting *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019)). "The movant bears the burden of proof on such a plea, and if evidence is presented ore tenus, the circuit court's factual findings 'are accorded the weight of a jury finding and will not be disturbed on appeal unless they are plainly wrong or without evidentiary support.'" *Id.* "When the plea in bar depends on pure legal questions, including questions of statutory construction, we review the circuit court's holding de novo." *Id.* (citing *Gerald T. Dixon, Jr., LLC v. Hassell & Folkes, PC*, 283 Va. 456, 459 (2012)).

An inverse condemnation claim under Article I, § 11 of the Virginia Constitution is based on an implied contract theory. *AGCS Marine Ins. Co. v. Arlington Cnty.*, 293 Va. 469, 477-78 (2017). "The owner whose property is taken or damaged for public use" may "waive all other remedies and . . . sue upon an implied contract that he will be paid therefor such amount as would have been awarded if the property had been condemned under the eminent domain statute." *Prendergast v. Northern Va. Reg. Park Auth.*, 227 Va. 190, 195 (1984). The "gist" of the claim "is that the wrongful act of the government was aimed at [a person] and not at the property," even though the "damages claimed involved a decrease—or injury—to the property's value." *Richmeade, L.P. v. City of Richmond*, 267 Va. 598, 603 (2004) (citing *Pigott v. Moran*, 231 Va. 76, 81 (1986)). Consequently, the claim is subject to the three-year statute of limitations for breach of contract specified by Code § 8.01-246(4), not the five-year period applicable for injury to property. *Id.* at 603-04.

"A contractual right of action accrues 'when the breach of contract occurs,'" not when the resulting damage is discovered. *Kerns v. Wells Fargo Bank, N.A.*, 296 Va. 146, 158 (2018) (quoting Code § 8.01-230). So, "the running of the statute" of limitations for breach of contract actions "is not postponed by the fact that the *actual* or *substantial* damages" arising from that breach "do not occur until a later date." *Id.* at 159 (quoting *Caudill v. Wise Rambler, Inc.*, 210 Va. 11, 14-15 (1969)). Rather, "[a]ny amount of damages, 'however slight,' triggers the accrual of the cause of action, and . . . 'it is immaterial that all of the damages'" do not occur at the time of the breach, or that the damages initially cannot be "'ascertained with specificity.'" *Id.* (first quoting *Van Dam v. Gay*, 280 Va. 457, 463 (2010); and then quoting *Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 237 Va. 543, 548-49 (1989)). Even if a breach results in damages that "cannot be calculated mathematically to a cent or a dollar," the right of action accrues, and the offending party can be "held liable for 'nominal damages.'" *Id.* (quoting *Eckington & Soldiers' Home Ry. v. McDevitt*, 191 U.S. 103, 111 (1903)).[3]

NRECA acknowledges that the limitations period began to accrue when the damage occurred but argues the County failed to present any evidence of that "lynchpin factual question." It emphasizes that the damage to the "subterranean . . . topping slab" was "complex" and concealed. Accordingly, it concludes that the trial court erred by holding that the statute of limitations barred its claim. We disagree.

---

[3] As an alternative argument, NRECA contends that this Court should adopt a new standard, holding that a cause of action for an inverse condemnation claim does not accrue "until the damage manifests or . . . becomes inevitable." In another tact, NRECA asserts that the limitations period for its claim "restarted" "[e]ach time the County acknowledged responsibility for the damage" and "attempted repairs." NRECA failed to present either of those arguments to the trial court, so Rule 5A:18 prevents us from considering them on appeal. In addition, NRECA presented no legal authority supporting its position that the statute of limitations "restarted," so that argument is waived under Rule 5A:20(e). *See Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) ("[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." (quoting *Sneed v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010))).

To begin, NRECA's amended complaint alleged that the contractor began installing conduit in the right-of-way on September 18, 2018, under a permit that expired at midnight on September 23, 2018. "While performing the work pursuant to the [permit]," NRECA asserted, the contractor "demolished portions of the topping slab beneath" the walkway. Elsewhere, the complaint alleged that "[t]he actions of [the contractor] . . . caused damage to the compacted earth, topping slab and sand base." That damage allegedly caused further defects and a "dangerous and unsafe condition" that deteriorated over time. Moreover, the demand letter, which NRECA proffered as an exhibit in the trial court,[4] alleged that the contractor damaged the "topping slab" while "performing the excavation work" it began on September 18, 2018. Thus, NRECA's amended complaint and the evidence it asked the trial court to consider when ruling on the plea in bar support the trial court's finding that at least some damage occurred during and as a direct result of the work being performed under the permit, even if those initial damages could not be "ascertained with specificity," and even if further damages developed over time. *Kerns*, 296 Va. at 159 (quoting *Westminster*, 237 Va. at 548). Accordingly, the trial court's finding that NRECA's inverse condemnation claim accrued on September 18, 2018, was not plainly wrong or without evidence to support it.[5]

---

[4] Properly proffered evidence, if unchallenged, is admissible and may be considered by the fact finder. *Bethea*, 297 Va. at 756 n.13. Here, NRECA proffered several evidentiary exhibits and asked the trial court to rely on those exhibits. The County did not object to the exhibits, and the trial court explicitly cited them when making several factual findings. Consequently, we reject NRECA's arguments that the trial court's factual findings are owed no deference on appeal because the court's ruling "rests solely on the pleadings—not evidence." When a trial court receives evidence when ruling on a plea in bar, its "factual findings 'are accorded the weight of a jury finding and will not be disturbed on appeal unless they are plainly wrong or without evidentiary support.'" *Cornell*, 301 Va. at 349.

[5] The court's letter opinion acknowledged that the County had the burden of proof "to succeed on the statute of limitations defense" and ruled that the County had met its burden based on the pleadings and evidence before it. Merely because the trial court also noted in a footnote that NRECA had not "offered any alternative . . . dates upon which they contend the damage occurred" does not mean the court shifted the burden of proof to NRECA.

III. The trial court did not err in determining that the County was not equitably estopped from asserting the statute of limitations defense.

Finally, NRECA argues that the trial court erred by not holding that the County was estopped from asserting the statute of limitations. NRECA does not challenge the merits of the trial court's estoppel ruling or cite any legal authority to support its argument. Instead, it summarily asserts without citation to legal authority that the court erred by holding that "the [*NRECA*] failed to prove the basis for applying equitable estoppel," which "improperly shifted the burden of proof."

It is well-established, however, that the party "who relies upon equitable estoppel"—in this case, NRECA—"has the burden of proving" the doctrine's applicability. *Cowan v. Psychiatric Assoc., Ltd.*, 239 Va. 59, 63 (1990) (citing *Employers Ins. Co. v. Great American*, 214 Va. 410, 415 (1973)). Regardless, NRECA's argument on this issue is also waived. An opening brief must contain "[t]he standard of review and the argument (including principles of law and authorities) relating to *each* assignment of error." Rule 5A:20(e) (emphasis added). "Unsupported assertions of error 'do not merit appellate consideration.'" *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (citing *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008)). If an appellant believes that the trial court "erred, Rule 5A:20(e) require[s] him 'to present that error to us with legal authority to support [his] contention.'" *Id.* at 746 (second alteration in original) (quoting *Fadness v. Fadness*, 52 Va. App. 833, 851 (2008)). NRECA failed to cite any legal authority supporting its estoppel argument on appeal, so the argument is waived.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*